SYLVESTER C. FERNANDEZ, Plaintiff-Appellant, *v.* ELIZABETH L. MARKS, Defendant-Appellee, and AH BUNG WONG, JOHN DOES 2-5; MARY ROES 1-5; DOE PARTNERSHIPS 1-5 and ROE CORPORATIONS 1-5, Defendants, and ELIZABETH L. MARKS, Defendant and Third-Party Plaintiff, *v.* CITY AND COUNTY OF ·HONOLULU, a municipal corporation, Third-Party Defendant.

(CIVIL NO. 56856)

AND

GERALDINE K. HAILI, Plaintiff-Appellant, *v.* ELIZABETH L. MARKS, Defendant-Appellee, and AH BUNG WONG; JOHN DOES 2-5; MARY ROES 1-5; DOE PARTNERSHIPS 1-5 and DOE CORPORATIONS 1-5, Defendants, and ELIZABETH L. MARKS, Defendant and Third-Party Plaintiff, *v.* CITY AND COUNTY OF HONOLULU, a municipal corporation, Third-Party Defendant

(CIVIL NO. 56788)

NO. 8002

MARCH 23, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This was an action against a landlord for injuries sustained when a tenant's dogs attacked the plaintiffs off the landlord's premises. The court below granted summary judgment for the landlord. We affirm.

The record in the instant case reveals the following: While standing in the ocean, the appellants were attacked and bitten by dogs owned by one Ah Bung Wong. Wong was listed as an occupant of premises consisting of .07 acres situated on the beach at Waiahole, Oahu, rented from appellee on a month-to-month tenancy agreement dated July 22, 1975. The agreement provided that the tenant should, among other things, "keep any and all animals and fowls securely fenced within the premises".

The deposition of appellee's property manager was taken. He testified that while appellee had not inspected the premises in question, he, as manager, had done so a year or more prior to the dog-biting incidents. He testified that he had gone on the premises looking for the tenant; that the house was closed up; that there was no one there; and that he was unaware of any dogs on the premises. He stated that no complaints had been made to his office about there being any vicious dogs on any of the appellee's properties in Waiahole and that he first learned of the alleged dog-biting incidents, which are the subject matter of this suit, when the complaints were received. The record contains no deposition or affidavit of appellee, or of the owner of the dogs. Depositions were taken which established that, according to police records, there were two dog-biting incidents, one being one of those involved here and one approximately two weeks earlier, and that the dog owner had admitted that he kept dogs on the premises in question and let them run free. Whether the premises were fenced or not, we do not know.

Appellants rely upon *Uccello v. Laudenslayer,* 44 Cal. App.3d 504, 118 Cal. Rptr. 741, 81 A.L.R.3d 628 (1975), as the basis for overturning the judgment below. However, the *Uccello* case was based upon three factors not present here: (1) California Civil Code § 1714, providing that everyone is responsible for an injury occasioned to another by one of ordinary care or skill in the management of one's property or person; (2) the landowner's actual knowledge of the dangerous propensity of the animal in question; and (3) the

injury's occurrence on the premises, leased or occupied. Here, the accident occurred off of the leased premises and accordingly, we need not pass upon whether, given similar facts, we would follow *Uccello.*

As the Supreme Court of Hawaii has recently noted, the owner or keeper of a domestic animal is bound to take notice of the general propensities of the class to which it belongs and any particular propensities peculiar to the animal itself of which he has knowledge or of which he is put on notice, and insofar as those propensities are likely to cause injury, must exercise reasonable care to guard against it. *Farrior v. Payton,* 57 Haw. 620, 562 P.2d 779 (1977).

However, on the undisputed facts here, the appellee was neither the owner nor keeper of the dogs in question. Thus, even if we were willing to follow *Uccello,* we would be unwilling to extend the principles of that case to the present situation, making a landlord, in effect, an insurer of the public against injuries, off the premises, by dogs domiciled by tenants on the landlord's premises.

We note that the first dog-bite incident which appears in the record occurred on January 9, 1977. Even had appellee been immediately informed thereof and thereupon elected to terminate the tenancy, she would have had to have given 28 days notice thereof under § 521-71, HRS. Thus, the tenancy would still have been in existence when the two dog-biting incidents, which gave rise to this suit, occurred. Therefore, even with knowledge of the first attack, she could not have evicted the dogs' owner and the dogs from the premises in time to interfere with their being in Waiahole when the attacks in question occurred.

Affirmed.

*H. William Goebert, Jr. (Hoddick, Reinwald, O'Connor & Marrack* of counsel) for appellants.

*William J. Wynhoff (Jeffrey S. Portnoy* and *Kristin Brandsma* on the brief, *Cades, Schutte, Fleming & Wright* of counsel) for appellee.