SZKODZINSKI v GRIFFIN

Docket No. 95558. Submitted May 17, 1988, at Detroit. Decided June
     21, 1988.
     William Szkodzinski individually and as next friend of Michael
     Szkodzinski, a minor, brought an action against Lawrence A.
     and Catherine Griffin and R. M. Cornell for damages for inju-
     ries to Michael Szkodzinski sustained when he was bitten by a
     dog owned by Cornell on land leased to Cornell by the Griffins.
     A local ordinance provided that anyone owning, possessing or
     harboring a dog would be responsible for the dog's actions. The
     Wayne Circuit Court, Helene Nita White, J., granted summary
     disposition for defendants Griffin. Plaintiff appealed.
     The Court of Appeals *held:*
     1. The local ordinance did not create a private cause of
     action.
     2. The Griffins did not own, possess or harbor the dog.
     3. There is no cause of action by one injured by a dog against
     a landlord who leased a premises knowing the dog would be
     kept there.
     4. There is an action at common law by one injured by a dog
     against the owner or keeper of the dog only where the owner or
     keeper knew of the dog's vicious nature. The evidence was
     undisputed that the Griffins had no knowledge of the dog's
     vicious nature.
     Affirmed.

1. ANIMALS — MUNICIPAL CORPORATIONS — ACTIONS.
     A city ordinance making a person owning, possessing or harbor-
     ing a dog accountable for the dog's actions does not create a
     private cause of action for damages for injuries the dog inflicted
     on a private person.

REFERENCES
Am Jur 2d, Animals §§ 80 *et seq.*
Modern status of rule of absolute or strict liability for dogbite. 51
     ALR4th 446.
Landlord's liability to third person for injury resulting from attack
     by dangerous or vicious animal kept by tenant. 81 ALR3d 638.

2. Animals — Actions — Landlords.

There is no cause of action by one injured by a dog against a landlord who leased a premises knowing the dog would be kept there.

3. Animals — Actions — Common Law.

There is an action at common law by one injured by a dog against the owner or keeper of the dog only where the owner or keeper knew of the dog's vicious nature.

*Leonard A. Siudara, P.C.* (by *Leonard A. Siudara*), for plaintiff.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec* and *Suzanne L. Wilhelm*), for defendant.

Before: Hood, P.J., and Cynar and R. B. Burns,* JJ.

Per Curiam. This is a dog-bite case. Lawrence Griffin (hereinafter defendant) owned a house located on Brys Drive in Grosse Pointe Woods. He rented the house to R. M. Cornell, who owned an Akita dog. The house had a fenced-in backyard. While Cornell was away, six-year-old Michael Szkodzinski climbed the fence and entered Cornell's back yard in order to retrieve a ball. Cornell's dog attacked Michael, causing serious injuries.

Plaintiff sued the Griffins and Cornell, alleging causes of action under a Grosse Pointe Woods city ordinance and common law. The Griffins filed a motion for summary disposition under MCR 12.116(C)(8) and (10), which was granted. Plaintiff appeals as of right.

The Grosse Pointe Woods city ordinance involved, adopted pursuant to provisions of the Dog Law of 1919, MCL 287.290; MSA 12.541, provided

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

that "any person owning, possessing or harboring any dog . . . shall be responsible for and shall be held accountable for any and all acts or actions of such dog."

Plaintiff sought to recover damages under the ordinance from defendant owner of the premises, arguing that, because defendant knew that the tenant would keep a dog on the premises, he was harboring a dog. The trial judge granted defendant's motion for summary disposition, ruling that the ordinance did not create a private cause of action. We agree. See, e.g., *Levendoski v Geisenhaver,* 375 Mich 225, 227; 134 NW2d 228 (1965), and *Taylor v Saxton,* 133 Mich App 302, 306; 349 NW2d 165 (1984), lv den 419 Mich 921 (1984).

The trial judge also held that, even if the ordinance did create a private cause of action, defendant did not "own, possess or harbor" the dog. Again, we agree. Although Griffin knew that his tenant kept a dog on the premises, Griffin had no control or possession of either the premises or the dog. The trial court's ruling was correct.

Plaintiff also argues that this Court should adopt a new rule of law imposing strict liability on a landlord where an individual has been bitten by a tenant's dog and where the landlord knew at the time that he leased the premises that the tenant would be keeping a dog on the premises. We decline plaintiff's invitation.

MCL 287.351; MSA 12.544 provides a remedy for a person who is bitten by a dog: "The owner of any dogs which shall without provocation bite any person . . . shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness." By its own terms, the statute applies to the dog's owner. See, e.g., *Klimek v Drzewiecki,* 135 Mich App 115, 118; 352

NW2d 361 (1984). Because defendant was not the dog's owner, he cannot be held liable under Michigan's dog-bite statute. The basis of liability is not negligence in the manner of keeping and confining the animal, but in keeping him at all. *Wojewoda v Rybarczyk,* 246 Mich 641, 643; 225 NW 555 (1929). There is no basis for imposing strict liability on a landlord who neither owns, keeps nor controls the dog.

Finally, plaintiff argues that the trial judge erred by granting defendant's motion for summary disposition on plaintiff's common-law claim. We disagree.

Under common law, the owner or keeper of an animal could be held liable only if he knew of its vicious nature. *Nicholes v Lorenz,* 396 Mich 53, 59, n 3; 237 NW2d 468 (1976), reh den 396 Mich 976 (1976). Similarly, the only possible way that defendant could be held liable on a common law theory would be if he knew of the dog's vicious nature. See, e.g., *Strunk v Zoltanski,* 62 NY2d 572; 468 NE2d 13 (1984). However, defendant testified in his deposition that he had never seen Cornell's dog be anything other than very friendly. A neighbor similarly testified that the dog was very playful and loving.

A motion brought under MCR 2.116(C)(10) tests whether there is factual support for a claim, *Nuvision v Dunscombe,* 163 Mich App 674, 683; 415 NW2d 234 (1987), and in deciding such a motion, the court must consider pleadings, affidavits, depositions and other documentary evidence. *Id.,* p 683. See also *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684, 687; 403 NW2d 197 (1987), lv den 428 Mich 900 (1987). The party opposing the motion must show the existence of a factual dispute by submitting opposing affidavits, depositions and

other documentary evidence. *Pauley v Hall,* 124 Mich App 255, 262; 335 NW2d 197 (1983), lv den 418 Mich 870 (1983).

Plaintiff failed to show that a genuine issue of material fact existed. In fact, at the hearing on defendant's motion, plaintiff's attorney explicitly agreed that the evidence submitted by defendant showed that defendant was not aware of the vicious nature of the dog and plaintiff conceded such.

Plaintiff further argues however that the motion was granted prematurely because discovery had not yet been completed. Where, as here, there is no evidence to show that a dispute exists, incomplete discovery will not bar summary disposition. *Pauley, supra,* p 263.

Affirmed.