PARKER et al., Appellants,

v.

SUTTON et al., Appellees.

[Cite as *Parker v. Sutton* (1991), 72 Ohio App.3d 296.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–131.

Decided Jan. 25, 1991.

*Richard A. Karcher,* for appellants.
*Glenn E. Wasielewski,* for appellees.

HANDWORK, Presiding Judge.

This case is an appeal from a final order of the Lucas County Court of Common Pleas. On March 16, 1990, the court granted appellees Dale Sutton *et al.*'s motion for summary judgment and dismissed the complaint of the appellants, James Parker *et al.* Appellants' complaint against appellees alleged that the appellees, as owners of rental property, should have known of the vicious propensities of a bulldog owned by their tenants, Daryl and Darla Sutton, not parties to this appeal. The complaint further alleged that the dog had bitten the minor daughter of appellants and that appellees had actual or constructive notice of a similar attack on another child in the neighborhood

nine days prior to the incident giving rise to this lawsuit. Appellants further claimed that appellees failed to exercise ordinary care when they did not force their tenants to remove the dog from the premises. In response, appellees denied all material allegations of the complaint and, following discovery, filed a motion for summary judgment with the sworn affidavits of appellees attached. Appellants responded and, upon consideration of the motion and response, the court granted summary judgment to appellees. Thereafter, appellants filed this timely appeal alleging two assignments of error as follows:

"I. The trial court erred in granting summary judgment for the defendant/appellees as a genuine issue of material fact existed.

"II. The trial court erred in granting defendant/appellees motion for summary judgment based on the alleged failure of plaintiff-appellants to controvert assertions contained in the defendants' affidavits."

The two assignments of error will be discussed together as both question the propriety of granting summary judgment to appellees. The Supreme Court of Ohio, in the case of *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, at 66, 8 O.O.3d 73, at 74, 375 N.E.2d 46, at 47, has set forth the test this court must use to determine whether or not summary judgment is appropriate in a given case. The court stated:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."

The undisputed evidence in this case is found in the sworn affidavits of each of the appellees. Each affidavit indicates that appellee Barbara Wright was the owner of the premises located at 1922 Windbrook Court, Toledo, Ohio, and that the property was rented to Daryl and Darla Sutton. The affidavits further indicate that at no point in time did appellees occupy or retain possession or control over the property while the Suttons were living there, and that appellees were aware that the Suttons had a dog but they did not feed, care for or exercise any control over the dog. Appellee Wright does indicate that she had some knowledge of a prior incident involving the dog and another child but indicates that she had been informed after the first incident that the dog had been destroyed. Both appellees indicate that they were

advised of the bite which gave rise to this lawsuit. Appellants do not dispute, by way of counter-affidavit, any of the sworn testimony of the appellees.

Civ.R. 56(E) provides in pertinent part:

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The instant case is factually akin to the case of *Garrard v. McComas* (1982), 5 Ohio App.3d 179, 5 OBR 363, 450 N.E.2d 730. In that case summary judgment was sustained for the landowner, when it was claimed that he was negligent because dogs owned by one of his tenants caused the plaintiff to be injured as she ran from them. The court noted that the landowner had established rules for the maintenance of animals owned by tenants on his property, but that conduct did not constitute ownership or the exercise of control over the animals. *Id.* at 182, 5 OBR at 366, 450 N.E.2d at 733. While the court under the facts in *Garrard* found the landlord was not responsible for injuries caused by a tenant's dog, there may well be situations where landlord liability would exist.

The issue raised in this case is discussed generally in Annotation, Landlord's Liability to Third Persons for Injury Resulting from Attack by Dangerous or Vicious Animal Kept by Tenant (1977), 81 A.L.R.3d 638. A careful study of cases gathered in the annotation indicates that as a general rule a landlord may not be found liable for injuries to a third person occasioned by a vicious or dangerous animal kept by a tenant on premises within the tenant's exclusive control. The annotation does indicate that a landlord may be held liable for injuries caused by a dangerous or vicious dog kept by a tenant where the landlord had knowledge of the dog and its vicious propensities, coupled with the ability to abate the hazard. A landlord's liability has also been established in situations where the attacks have occurred in areas within the landlord's control or in an area that may be shared by the landlord or the tenant.

It is clear then that the facts of each case must be examined to determine the culpability of a landlord when a dog owned by a tenant causes injury to a third person. Generally speaking, the landlord will not be responsible when the tenant is in exclusive control of the premises; however, situations where a landlord has an ability to abate the hazard within a reasonable period of time or where the premises is in joint control may give rise to landlord liability.

In the case before us it is undisputed that the appellees were not in control of the premises and that they exercised no control over the premises or over the dog in question. While it could be argued that they had a duty to abate any hazard which existed when they received notice of the first incident of the dog causing injury to a third person, the undisputed evidence before the court indicated that they believed the dog had been destroyed following that incident. Under the circumstances, the landlord had no duty to act further.

■ Upon consideration of the undisputed facts of this case, the implicit direction provided by *Garrard v. McComas, supra,* and the state of the law as it is discussed at Annotation, *supra,* 81 A.L.R.3d 638 *et seq.,* we hold that a landlord not in possession of leased premises may not be held liable under common-law principles of negligence for injuries caused to a third person by a vicious dog owned by a tenant, when it is established that the premises was in the exclusive control of the tenant at the time of the injury. If it is established that the landlord had knowledge of the vicious animal, the landlord may further avoid liability for injuries to third persons if the landlord had a reasonable belief that the hazard had been abated, or that insufficient time had passed for the landlord to take legal steps to abate the hazard. Consequently, we find that the trial court was correct when it granted summary judgment to appellees for the reason that, construing the evidence most favorably to the appellants, reasonable minds could only conclude that the appellants have presented no case for recovery from appellees. Appellants' assignments of error are found not well taken.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.