MICHIGAN INSURANCE REPAIR CO, INC v MANUFACTURERS
NATIONAL BANK OF DETROIT

Docket No. 134223. Submitted June 9, 1992, at Detroit. Decided July
6, 1992, at 10:15 A.M. Leave to appeal sought.

Michigan Insurance Repair Co., Inc., brought an action in the
Wayne Circuit Court against Manufacturers National Bank of
Detroit and others, alleging that the bank violated a duty to
negotiate a check according to a purported restrictive indorse-
ment on the back of the check. The plaintiff was not a payee of
the check, and the purported restrictive indorsement was
placed on the check before any of the payees indorsed it. The
court, Cynthia D. Stephens, J., granted summary disposition for
the bank on the ground that the plaintiff failed to state a claim
upon which relief could be granted. The plaintiff appealed.

The Court of Appeals *held*:

Only the payee or one who signs on behalf of the payee can
make the first effective indorsement and negotiate an order
instrument. Because the plaintiff was not a payee of the check,
it could not become a holder with the right to negotiate the
check until it had been indorsed by all the named payees. The
purported restrictive indorsement was placed on the check
before the payees indorsed it. Therefore, the plaintiff, not being
a payee or a holder, had no right with regard to the check upon
which to base a claim.

Affirmed.

1. BANKS AND BANKING — ORDER INSTRUMENTS — INDORSEMENTS.

An indorsement must be written by or on behalf of the holder of
an order instrument; only the payee or one who signs on behalf
of the payee can make the first effective indorsement and
negotiate the instrument (MCL 440.3202[2]; MSA 19.3202[2]).

2. BANKS AND BANKING — ORDER INSTRUMENTS — RIGHT TO NEGOTI-
ATE — HOLDERS — INDORSEMENTS.

A person who is not a payee of a check must be a holder to have

REFERENCES

Am Jur 2d, Bills and Notes §§ 328-333, 349 *et seq.*

See the Index to Annotations under Bills and Notes; Checks and
Drafts.

the right to negotiate the check; a holder is a person in possession of an instrument issued or indorsed to that person or to the bearer or in blank; a blank indorsement is one that specifies no particular indorsee and may consist of a mere signature; a person who is not a named payee may not become a holder of the check with the right to negotiate the check until it has been indorsed by all the named payees (MCL 440.1201[20], 440.3204[2], 440.3301; MSA 19.1201[20], 19.3204[2], 19.3301).

*Eliot Charlip,* for the plaintiff.

*Michael R. Main, Michael D. Boutell, Christian Nilson, Paul W. Creasy,* and *Charles L. Hahn,* for Manufacturers National Bank of Detroit.

Before: FITZGERALD, P.J., and CAVANAGH and NEFF, JJ.

NEFF, J. This case deals with an allegation that defendant bank violated a duty to negotiate a check according to a purported restrictive indorsement on the back of the check. Plaintiff appeals as of right from an order of the circuit court granting summary disposition in favor of defendant Manufacturers National Bank of Detroit on the ground that plaintiff had failed to state a claim upon which relief could be granted. MCR 2.116(C)(8). We affirm.

I

On May 22, 1990, plaintiff filed its original complaint. Plaintiff amended its complaint on June 8, 1990, naming as defendants Manufacturers Bank, Madias Brothers, Inc., Nella and Chutry Booth and Randy and Herbert Bidlofsky, doing business as Ultimate Construction. According to allegations in the amended complaint, plaintiff had entered into a joint venture agreement with Ultimate

Construction for the purpose of doing fire damage repairs. One of the repair jobs to be performed was on property owned by the Booths and Madias Brothers, and insured by Allstate Insurance Co.

Plaintiff alleged that it had advanced funds to Ultimate Construction to pay for the repairs on that property and that Ultimate had promised that it would cause plaintiff's name to appear on checks received from Allstate. However, according to the complaint, Ultimate failed to cause plaintiff's name to appear on the check, and, instead, took the proceeds of the check for itself.

Two checks were involved. The first, for $20,000, was deposited in the account of Levin & Levin, fire adjusters hired by the Booths and Ultimate Construction. That check was not at issue below and is not at issue on appeal.

It is the second check, for $28,964.94, that is the subject of this appeal. Plaintiff alleged that the check was deposited into the account of Ultimate Construction contrary to a restrictive indorsement placed on the check that directed that the check be deposited only to plaintiff's account at National Bank of Detroit. Plaintiff further alleged that the negotiation and payment of the check by defendant bank to Ultimate Construction was in violation of a duty imposed on the bank by MCL 440.3205; MSA 19.3205; MCL 440.3206; MSA 19.3206. Those statutes are part of Michigan's version of the Uniform Commercial Code dealing with restrictive indorsements.

Defendant bank brought a motion for summary disposition, asserting that plaintiff was not a payee of the check and that the check did not bear plaintiff's indorsement in any legally recognizable form.

The check is made out to "Nella & Chutry Booth and Ultimate Construction and Madias Bros., Inc.

and Levin & Levin." On the back of the check are several writings. At the top of the check, the following appears: "For Deposit Only To Acct #0051255-04." According to paragraph nine of the amended complaint, that refers to plaintiff's account at National Bank of Detroit. Plaintiff contends that that writing constitutes a restrictive indorsement and that defendant bank had a duty to negotiate the check in compliance with it. That writing is followed by a series of signatures in the following order: Ultimate Const Co, Randy Bidlofsky, C. L. Booth, Chutry Booth, Madias Brothers, Inc. (by Nick Madias, President), Levin & Levin. At the bottom of the signatures, the following appears:

PAY TO THE ORDER OF
Manufacturers National Bank of Detroit
SOUTHFIELD, MI 48075
07200338
FOR DEPOSIT ONLY
Ultimate Insurance Repair or Construction
1034104685

Defendant bank argued that the writing at the top of the back of the check, containing only an account number without stating in which bank the account exists, did not sufficiently establish plaintiff's identity so as to constitute an indorsement. Defendant bank further argued that even if the writing constituted an indorsement, it was ineffective because the check had to be indorsed by all the payees before plaintiff could claim by indorsement, and that, from the order in which the writings appear on the check, the indorsements of the payees came after the purported restrictive indorsement of plaintiff.

On July 27, 1990, defendant bank's summary disposition motion was heard. The hearing was

adjourned to allow the parties to file supplemental briefs. On September 7, 1990, the hearing continued. At that hearing, defendant bank argued that even if it had violated sections of the UCC, plaintiff had no standing to bring an action with regard to the check because it was not a payee. Plaintiff did not offer any oral argument, but told the court that it relied on its written response. In its written response, plaintiff argued that the bank had a statutory duty to pay the check consistent with plaintiff's restrictive indorsement or, at the least, to make inquiry because of the competing restrictive indorsements found at the top and bottom of the back of the check. Therefore, asserted plaintiff, it was entitled to summary disposition.

The trial court took the matter under advisement. On October 10, 1990, the court issued an opinion and order granting summary disposition to defendant bank. The court ruled that plaintiff had no enforceable claim against defendant bank, saying:

> It is clear as a matter of law that as a non-party to the instrument the Plaintiff's rights are subordinate to the parties, thereto. The purported restrictive endorsement preceeds [sic] the signature endorsements, valid or not, of the parties to the instrument. Since no interest could vest in Plaintiff pursuant to the UCC until after those party endorsements, the initial "restrictive endorsement" had no legal force or effect.

Plaintiff appeals from that ruling.

II

Summary disposition with regard to a claim may be granted on the ground that the opposing party "has failed to state a claim on which relief

can be granted." MCR 2.116(C)(8). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community National Bank of Pontiac,* 166 Mich App 772, 777; 421 NW2d 289 (1988). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Kauffman v Shefman,* 169 Mich App 829, 833; 426 NW2d 819 (1988). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 26 (1992); *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988).

Plaintiff contends that defendant bank, as the depository bank, had a duty to comply with the purported restrictive indorsement at the top of the check. A depository bank is "the first bank to which an item is transferred for collection even though it is also the payor bank." MCL 440.4105(a); MSA 19.4105(a). An indorsement is restrictive where it "includes the words 'for collection', 'for deposit', 'pay any bank', or like terms signifying a purpose of deposit or collection." MCL 440.3205(c); MSA 19.3205(c). A depository bank is required to pay an instrument consistent with a restrictive indorsement. MCL 440.3206(4); MSA 19.3206(4).

However, plaintiff does not allege in its complaint or explain in its appellate brief why its purported indorsement, i.e., the one appearing at the top of the back of the check, should have been honored instead of the restrictive indorsement that follows the last signature on the back of the check. More importantly, plaintiff does not allege or explain by what right it may direct how the

proceeds of a check to which it is not a payee may be disbursed.

The check at issue was made out to several payees conjunctively, none of whom was plaintiff. MCL 440.3116; MSA 19.3116 provides as follows:

> An instrument payable to the order of 2 or more persons
>    (a) if in the alternative is payable to any one of them and may be negotiated, discharged or enforced by any of them who has possession of it;
>    (b) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them.

MCL 440.3202(2); MSA 19.3202(2) provides that "[a]n indorsement must be written by or on behalf of the holder." "Thus, in the case of order instruments, only the payee or one who signs on his behalf can make the first effective indorsement and negotiate the instrument." White & Summers, Uniform Commercial Code (3d ed), § 13-9, p 562.

Because plaintiff is not a payee of the check, it has the right to negotiate the check only if it is a holder. MCL 440.3301; MSA 19.3301. A holder is a person in possession of an instrument issued or indorsed to him or to bearer or in blank. MCL 440.1201(20); MSA 19.1201(20). The check was not issued or indorsed to plaintiff or to bearer, so plaintiff can negotiate the check only if it is in possession of the check after it is indorsed in blank. A blank indorsement is one that "specifies no particular indorsee and may consist of a mere signature." MCL 440.3204(2); MSA 19.3204(2). Thus, plaintiff could not become a holder with the right to negotiate the check until it had been indorsed by all the named payees.

It is apparent from the back of the check that

plaintiff's purported restrictive indorsement was placed on the check before any of the payees indorsed it. Therefore, regardless of whether defendant bank had any statutory duty to comply with the purported restrictive indorsement of plaintiff instead of the one directing payment to the account of Ultimate Construction, plaintiff, not being a payee or a holder, has no right with regard to the check upon which to base a claim.

Affirmed.