FEISTER v BOSACK

Docket No. 134227. Submitted October 7, 1992, at Grand Rapids. Decided January 19, 1993, at 9:15 A.M.

Daniel Feister, as next friend of Elizabeth Feister, a minor, brought an action in the Wexford Circuit Court against Gordon Bosack and Edward Runyon, seeking damages for injuries sustained when Elizabeth was bitten by a dog owned by Bosack while she was on her grandparents' property. Bosack kept the dog at his home, which he leased from Runyon pursuant to a month-to-month oral lease. Bosack acquired the dog after leasing the property, and, although Runyon knew about the dog, he never expressly permitted Bosack to keep it. Two days before Elizabeth was injured, Bosack told Runyon that the dog had nipped Bosack's son, causing superficial damage. The court, William R. Peterson, J., granted summary disposition for Runyon, finding that because Bosack had not owned the dog when he leased the property, Runyon could not be liable. The plaintiff appealed.

The Court of Appeals *held:*

1. A landlord has no duty to protect third parties from injuries inflicted by a tenant's pet away from the leased premises.

2. Runyon had no ability to control Bosack and his dog in the two days between notice of the attack on Bosack's son and Elizabeth's injury because Bosack was entitled by statute to thirty days' notice before he could be evicted. If a third party is injured by a tenant's animal before the landlord lawfully can evict the tenant, the landlord cannot be liable for the injury, even if he knew about the vicious nature of the animal.

3. A landlord has no duty to inspect leased premises to discover the existence of a tenant's dangerous animal.

Affirmed.

NEFF, J., concurring, stated that there was insufficient time

REFERENCES

Am Jur 2d, Animals § 92; Landlord and Tenant §§ 908, 909.

Landlord's liability to third person for injury resulting from attack off leased premises by dangerous or vicious animal kept by tenant. 89 ALR4th 374.

to evict Bosack between the time Runyon became aware of the dog's vicious propensity and the child's injury and, therefore, there is no factual support for the common-law negligence claim against Runyon. The broad rule that a landlord owes no duty to protect third parties from attacks by a tenant's dog that occur off the leased premises, where the dog was acquired after the premises were leased, and owes no duty to inspect the premises to discover the existence of a tenant's dangerous animal need not be adopted.

1. LANDLORD AND TENANT — ANIMALS — INJURY TO THIRD PARTIES — DUTY TO PROTECT.

A landlord has no duty to protect third parties from injuries inflicted by a tenant's pet away from the leased premises where the pet was acquired after the premises were leased.

2. LANDLORD AND TENANT — ANIMALS — LANDLORD'S DUTY TO IN-SPECT PREMISES.

A landlord has no duty to inspect leased premises to discover the existence of a tenant's dangerous animal.

3. LANDLORD AND TENANT — ANIMALS — INJURY TO THIRD PARTIES — EVICTION.

A landlord, even with knowledge of the vicious nature of a tenant's dog, cannot be liable to a third party for injury caused by the dog where the injury occurs before the landlord lawfully could have evicted the tenant.

*Benson, McCurdy & Wotila, P.C.* (by *Roger Wotila*), for the plaintiff.

*Sullivan, Crowley & Smith, P.C.* (by *James I. Sullivan*), for Edward Runyon.

Before: GRIFFIN, P.J., and NEFF and CORRIGAN, JJ.

CORRIGAN, J. In this action for damages for injuries sustained as a result of a dog bite, plaintiff appeals the grant of summary disposition to defendant Edward Runyon, lessor of residential property to defendant Gordon Bosack, the dog's owner. We affirm.

Bosack and his wife occupied Runyon's single-

family home pursuant to a month-to-month oral lease. When Mrs. Bosack, the initial tenant, first leased the home in 1984, she did not own a dog. The Bosacks acquired their dog in 1987 or 1988. Runyon knew about the dog, although he never expressly permitted the Bosacks to keep it. Just two days before two-year-old Elizabeth Feister was injured, Bosack told Runyon that the dog had "nipped" the Bosacks' son, causing some superficial damage to his heel. On May 14, 1989, the dog broke its chain and escaped from the Bosacks' yard. The dog then bit the child while she was on her grandparents' property, which was located about half a mile from the leased premises.

Plaintiff sued both Bosack and Runyon, alleging strict liability against Bosack under the dog-bite statute, MCL 287.351; MSA 12.544, and common-law negligence against Runyon. In granting Runyon summary disposition, the circuit court reasoned that because Bosack had not owned the dog when he entered the lease, Runyon could not be liable. We agree. A landlord has no duty to protect third parties from injuries inflicted by a tenant's pet that occur away from the leased premises.

Although couching its decision in terms of "no duty," the circuit court, in its oral ruling, did not identify the court rule it applied. The written order relied on MCR 2.116(C)(10). Under either MCR 2.116(C)(8) or (C)(10), summary disposition was appropriate.

A motion under MCR 2.116(C)(8) (failure to state a claim upon which relief may be granted) tests the legal sufficiency of a claim by the pleadings alone. *Michigan Ins Repair Co, Inc v Manufacturers Nat'l Bank of Detroit,* 194 Mich App 668, 673; 487 NW2d 517 (1992). All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can

be drawn from the facts. *Id.* The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 26 (1992). In a negligence action, summary disposition pursuant to MCR 2.116(C)(8) is properly granted if it is determined, as a matter of law, that the defendant owed no duty to the plaintiff. *Terrell v LBJ Electronics,* 188 Mich App 717, 719; 470 NW2d 98 (1991).

A motion for summary disposition under MCR 2.116 (C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it and grant summary disposition if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Michigan State AFL-CIO v Civil Service Comm,* 191 Mich App 535, 546-547; 478 NW2d 722 (1991); *Panich v Iron Wood Products Corp,* 179 Mich App 136, 139; 445 NW2d 795 (1989).

Statutory liability for dog bites attaches only to owners. See MCL 287.351; MSA 12.544 and MCL 287.288; MSA 12.539. Only one published Michigan case has examined a landlord's liability for injuries inflicted by a tenant's dog. In *Szkodzinski v Griffin,* 171 Mich App 711; 431 NW2d 51 (1988), a child who was bitten by the tenant's dog on the leased premises sued both the tenant and the landlord. This Court found that the landlord "had no control or possession of either the [leased] premises or the dog." *Id.* at 713. The plaintiff urged the Court to adopt a rule of strict liability "where the landlord knew at the time that he leased the premises that the tenant would be keeping a dog on the premises," but the Court

declined. *Id.* "There is no basis for imposing strict liability on a landlord who neither owns, keeps nor controls the dog." *Id.* at 714.

Plaintiff relies on language in *Szkodzinski* that "the only possible way that defendant could be held liable on a common law theory would be if he knew of the dog's vicious nature." *Id.* From this language, plaintiff infers that once a landlord knows about a dog's dangerous proclivities, the landlord must act to protect all potential victims from the dog. We decline to draw this inference.

*Szkodzinski* cited *Strunk v Zoltanski,* 62 NY2d 572; 468 NE2d 13; 479 NYS2d 175 (1984), which held:

> The general rule is that, in conventional settings in which premises are rented by a tenant who acquires exclusive possession and control, the landlord is not liable for attacks by animals kept by the tenant on those premises where the landlord had no knowledge of the animal or its dangerous proclivities at the time of the initial letting of the premises. . . .
>
> The principle with respect to the liability of a landlord whose tenant comes into possession of the animal after the premises have been leased [is] (that to establish liability it must be shown that the landlord had knowledge of the vicious propensities of the dog *and had control of the premises or other capability to remove or confine the animal).* . . . [*Id.* at 575; emphasis supplied.]

See also *McCullough v Bozarth,* 232 Neb 714, 724; 442 NW2d 201 (1989) (landlord liable only if he knew of dangerous dog at time of lease); *Duhaime v Mills,* — Conn Supp —; — A2d —; 1992 WESTLAW 154896 (Conn Super, June 30, 1992) (landlord liable if he knew of dog at time of lease); *Virgil v Payne,* 725 P2d 1155, 1157 (Colo App, 1986) (landlord's duty of care is limited to in-

stances in which landlord actually knows of "vicious actions" of animal before renting premises to owner); *Clemmons v Fidler,* 58 Wash App 32, 37; 791 P2d 257 (1990) (dog is analogous to defect on leased premises; landlord's liability to third parties is no greater than that to tenant himself).

Moreover, courts have been reluctant to impose liability for off-premises attacks when the dog has escaped from the tenant's control. See, generally, anno: *Landlord's liability to third person for injury resulting from attack off leased premises by dangerous or vicious animal kept by tenant,* 89 ALR4th 374. In *Wright v Schum,* 105 Nev 611, 613; 781 P2d 1142 (1989), the Nevada Supreme Court held that "the injuries to [the plaintiff] did not occur on the rented premises and . . . were not directly related to a dangerous condition of the premises." The landlord "had no initial duty to protect [the plaintiff] and others from injuries caused by his tenants' escaped pit bulldog." *Id.* at 618. Nor was the landlord liable for failure to evict a tenant with a dog "known by him to be dangerous." *Id.* at 613. See, also, e.g., *Gibbons v Chavez,* 160 Ariz App 73; 770 P2d 377 (1988) (summary disposition for landlords proper where tenants' dogs escaped, even though landlords knew tenants kept dogs); *Olave v Howard,* 547 So 2d 349 (Fla App, 1989) (landlords had no common-law liability when dog escaped); *Ward v Young,* 504 So 2d 528 (Fla App, 1987) (no liability for off-premises injury); *Allen v Enslow,* 423 So 2d 616 (Fla App, 1982) (no liability to passerby).

Plaintiff suggests that a landlord could exercise control over a dog by evicting the tenant, relying on several cases from foreign jurisdictions. For example, *Uccello v Laudenslayer,* 44 Cal App 3d 504; 118 Cal Rptr 741 (1975), found a landlord potentially liable for injury to a tenant's guest, but

only because he "had sufficient control over the premises so as to bring the case within an exception to the general rule of nonliability." *Id.* at 512.[1] Under the *Uccello* approach, a landlord's only means of control would be to evict the tenant. "Such power [to eliminate the danger] is manifested by the landlord's right to terminate the tenancy and take possession of the premises unless the tenant gets rid of the dog." *McCullough, supra* at 722. The power to evict is restrained by the statutory period for notice to terminate.

We reject the *Uccello* approach. Even if Runyon could have evicted the Bosacks in time to protect *this* plaintiff, the result would only have been to expose other individuals to the same dog.

As the court said in *Wright v Schum, supra* at 613:

> [H]olding landlords liable for the actions of their tenants' vicious dogs by requiring them to evict tenants with dangerous dogs would merely result in the tenants' moving off to another location with their still dangerous animals. . . . [T]his approach [is like the case of] "Typhoid Mary," who was outcast from one place only to continue her deadly disease-spreading activity at another place.

Even if we accepted plaintiff's theory, which we do not, the landlord had no ability to control the tenants and their dog in the scant two days between notice of the attack on Bosack's son and plaintiff's injury. Two days was not sufficient time to evict. MCL 554.134(1); MSA 26.1104(1) provides

---

[1] See, also, *Parker v Sutton,* 72 Ohio App 3d 296, 300; 594 NE2d 659 (1991) (no common-law negligence where property was in tenant's exclusive control at time of injury); *Goddard v Weaver,* 558 NE2d 853, 854 (Ind App, 1990) (no liability where owner of mobile home park did not retain control over property where the attack occurred); *Ireland v Raymond,* 796 SW2d 870, 872 (Ky App, 1990) (summary disposition for landlords proper where they had no control over "circumstances").

the tenant at least thirty days' notice before eviction. That is, Michigan has codified the common-law rule that a month-to-month tenancy, under an oral lease, requires a minimum of thirty days' notice of termination to either party. A tenant is entitled to one month's notice to quit in order to terminate a month-to-month tenancy at will. *Gurunian v Grossman,* 331 Mich 412, 418; 49 NW2d 354 (1951).

If a third party is injured before the landlord lawfully could have evicted the tenant, the landlord cannot be liable, even if he knew about the dog's vicious nature. See, e.g., *Roy v Neibauer,* 191 Mont 224, 226; 623 P2d 555 (1981), where the court found no duty on the landlord's part, "since [the landlord] had no control over the dog or the right to dispose of [it] prior to the child's injury." See, also, e.g., *Parker v Sutton,* 72 Ohio App 3d 296, 300; 594 NE2d 659 (1991) (no liability if insufficient time for legal measures to abate the hazard); *Fernandez v Marks,* 3 Hawaii App 127; 642 P2d 542 (1982) (statutory notice requirement prevented landlord from evicting tenant between first dog-bite incident and the plaintiff's injury); *Shafer v Beyers,* 26 Wash App 442, 449; 613 P2d 554 (1980) (three-day period between notice and the plaintiff's injury insufficient to evict).

In summary, we hold that the landlord owed no duty to protect third parties from attacks by his tenants' dog taking place off the leased premises where the dog was acquired after the premises were leased. A landlord has no duty to inspect the premises to discover the existence of a tenant's dangerous animal. As the Minnesota Supreme Court said in a similar case, "[d]etermination of policy on this matter is a question for the legislature." *Gilbert v Christiansen,* 259 NW2d 896, 898 (Minn, 1977).

Affirmed.

GRIFFIN, P.J., concurred.

NEFF, J. *(concurring).* I am not prepared to adopt
the broad rule articulated in the last paragraph of
the majority opinion, or the reasoning by which
the conclusion to adopt the rule is reached. How-
ever, I concur in the result affirming summary
disposition in defendant's favor because defendant
only had two days' notice of the dog's vicious
propensity before it bit the child. Because this was
insufficient time to evict the owners, the factual
support for plaintiff's claim fails and the motion
for summary disposition was proper under MCR
2.116(C)(10).