JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Robert and Drema Hurst, parents of Crystal Hurst, appeal from summary judgment in favor of defendants-appellees John and Carol Hanic on their claim for injuries to their daughter arising from a dog bite. Plaintiffs claim that there were genuine issues of fact concerning the defendants' knowledge of a dangerous animal on their leased premises which precluded summary judgment. We find no error and affirm.
This claim arises out of a dog bite received by fifteen-year old Crystal Hurst on July 11, 1994. During a visit to a friend's house, plaintiff was bitten by a dog that was owned and maintained by the friend's neighbors, the Manalos. Defendants John and Carol Hanic were joined in the action as the landlords of the property leased to the Manalos.
Defendants claimed that they did not know of the dog's vicious propensities and therefore had no duty toward the victim to avoid the injury. Although there were two prior biting incidents by the dog, John Hanic testified in deposition that he had no knowledge of any prior incidents of vicious behavior.
 Q. Were you aware, prior to July of 1996, of any other incidents involving this dog, Mioshi, or this dog involved in the incident in July of 1996?
A. None whatsoever.
 Q. No one ever called or informed you of any biting incidents or any other incidents involving this dog?
A. None whatsoever.
 Q. Did Mr. Manalo ever inform you of any incidents involving this dog?
A. Never.
* * *
 Q. Have you ever had any complaints about the Manalos or any of their pets?
A. None whatsoever.
 Q. And you stated you heard no complaints about the dog from the Manalos or anybody else?
A. Correct.
(John Hanic Depo. at 24-26).
Mr. Hanic testified that the first knowledge of the incident involved here was when they "got a certified letter in the mail that we were being sued." (John Hanic Depo. at 25). Mrs. Hanic testified in a similar manner in her deposition and stated that she was never aware of any problems with this dog.
 Q. No one ever brought it to your attention-and this might be redundant-about any problems with any dog that the Manalos had at the Pickway residence?
A. No.
 Q. When did you become aware of the dog actually being there and being a problem at the Pickway residence?
 A. Being there and being a problem, when we got the letter for the lawsuit?
Q. August of 1996?
A. Yes.
(Carol Hanic Depo. at 14).
Mr. Manalo, the owner of the dog, also admitted he never informed the Hanics of the prior biting incidents. (Manalo Depo. at 41, 64)
Defendants' connection to the animal is that they leased property to the Manalos on which the dog was kept. The lease with the Manalos provided they would not bring any pets on the property without the consent of the lessors, the Hanics. Following settlement and dismissal of the claims against the owner, plaintiffs appeal' from the summary judgment in favor of the defendants/landlords, the Hanics.
Plaintiffs' sole assignment of error states:
 I. THE TRIAL COURT ERRED IN GRANTING JOHN HANIC AND CRYSTAL HANIC'S MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF FACT ARE PRESENT IN THIS CASE CONCERNING THE HANIC'S KNOWLEDGE OF THE PRESENCE OF A DANGEROUS ANIMAL ON THEIR LEASED PREMISES.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56 (E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
A plaintiff suing under common law for injuries inflicted by a dog must prove that:
 the defendant owned or harbored the dog, that the dog was vicious, that the defendant knew of the dog's viciousness, and that the defendant was negligent in keeping the dog.
Flint v. Holbrook (1992), 80 Ohio App.3d 21, 25.
More specifically, the court in Parker v. Sutton (1991),72 Ohio App.3d 296, while affirming the trial court's grant of summary judgment, explained the limited scope of a landlord's liability:
 The issue raised in this case is discussed generally in Annotation, Landlord's Liability to Third Persons for Injury Resulting from Attack by Dangerous or Vicious Animal Kept by Tenant (1977), 81 A.L.R.3d 638. A careful study of cases gathered in the annotation indicates that as a general rule a landlord may not be found liable for injuries to a third person occasioned by a vicious or dangerous animal kept by a tenant on premises within the tenant's exclusive control. The annotation does indicate that a landlord may be held liable for injuries caused by a dangerous or vicious dog kept by a tenant where the landlord had knowledge of the dog and its vicious propensities, coupled with the ability to abate the hazard. A landlord's liability has also been established in situations where the attacks have occurred in areas within the landlord's control or in an area that may be shared by the landlord or the tenant.
* * *
 [W]e hold that a landlord not in possession of leased premises may not be held liable under common-law principles of negligence for injuries caused to a third person by a vicious dog owned by a tenant, when it is established that the premises was in the exclusive control of the tenant at the time of the injury. If it is established that the landlord had knowledge of the vicious animal, the landlord may further avoid liability for injuries to third persons if the landlord had a reasonable belief that the hazard had been abated, or that insufficient time had passed for the landlord to take legal steps to abate the hazard.
Id. at 299-300.
The undisputed facts establish that the Hanics were not in control or possession of the leased premises. Plaintiffs also provided no evidence of prior knowledge on the landlords' part regarding the dog's prior and repeated vicious tendencies.
The defendants admitted that they knew the dog was there before the biting incident, but did not actually see the dog until after the incident. (John Hanic Depo. at 26, 27; Carol Hanic Depo. at 6, 8) The owner of the dog, Mr. Manalo, admitted that the few times that Mr. Hanic came to the house, he put the dog in the backyard and therefore, Mr. Hanic never had any interaction with the dog. (Frank Manalo Depo. at 27-28). Although Mr. Hanic, a prior pet store owner, opined that he would have never allowed the dog into his pet store due to its vicious nature, this was based on his observation of the dog after the biting incident when he drove over to the Manalos' home to inform them they had to get rid of the dog. At that point he observed the dog. (John Hanic Depo. at 26). The facts were undisputed that prior to this incident, the Hanics were never informed of any of the dog's prior biting incidents. (John Hanic Depo. at 24-26; Carol Hanic Depo. at 14; Frank Manalo Depo. at 41, 64)
Having failed to prove the existence of past incidents of vicious behavior known to the landlords, the plaintiffs failed to establish that defendants had knowledge that the dog was vicious. There is no evidence that the Hanics owned or harbored the dog. Plaintiffs' failure to prove these essential elements is fatal to their claim. Summary judgment was properly granted.
Plaintiffs' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.
 _____________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE