*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JULIE CONSTANTINE,

Plaintiff-Appellant,

v

PHIFER, PHILLIPS & WHITE, PC, RANDOLPH
D. PHIFER, and DWIGHT W. PHILLIPS,

Defendants-Appellees.

UNPUBLISHED
March 9, 2023

No. 360856
Wayne Circuit Court
LC No. 21-014840-CK

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

In this action regarding defendants' alleged promise to make employment severance payments to plaintiff, plaintiff appeals as of right the order granting defendants summary disposition under MCR 2.116(C)(8), arguing that she stated valid claims for breach of contract and promissory estoppel for which factual developments could justify a right to recovery. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This lawsuit claiming breach of contract and promissory estoppel arises out of a severance pay dispute. Defendant, Phifer, Phillips & White, PC (PP&W) was a law firm. Defendant Randolph D. Phifer was a shareholder and president, and defendant Dwight W. Phillips was a shareholder. Plaintiff was employed by PP&W as a legal assistant and assistant to the office manager from March 2010 to February 2019. The law office was closed for business in December 2018, and the firm was dissolved in 2020. In anticipation of the closure, Phifer promised plaintiff and another employee severance pay. Phifer, from his personal checking account, paid $1,000 to plaintiff in July 2019, but defendants made no other severance payments. Plaintiff thus filed the instant action, seeking to enforce the promise through claims of breach of contract and promissory estoppel.

Defendants each moved for summary disposition under MCR 2.116(C)(8). The trial court granted summary disposition under that subrule, stating that plaintiff failed to demonstrate that a valid contract was formed. The trial court explained that in her complaint, plaintiff pointed only to past consideration to establish a breach of contract claim citing, "all of [her] work over the

years," and the fact she had not received raises. The trial court also stated that plaintiff failed to allege that she was required to act, or forbear to act, to receive the severance payment, or that she acted in reliance on defendants' alleged promises. Furthermore, the trial court indicated that there was no allegation showing that an individual contract or promise was made by Phillips, whom the parties agree never discussed severance payments with plaintiff, or by Phifer, because plaintiff provided no allegation that Phifer made the promise in any capacity other than on behalf of the law firm. The trial court denied plaintiff's request to amend her complaint, finding that her proposed amendment regarding inducement to remain with the law firm until it was dissolved to be in contradiction of the original complaint and therefore not a justified amendment.

## II. STANDARD OF REVIEW

This Court reviews de novo whether pleadings sufficiently state a claim to survive a motion under MCR 2.116(C)(8). See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). Under this court rule, a party may seek dismissal of a claim on the grounds that the "opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8).

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). In analyzing the claim, courts must accept as true all the factual allegations. See *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). However, "Michigan is 'a traditional notice-pleading jurisdiction' with 'a relatively low bar' for the sufficiency of initial allegations, particularly because parties generally will not yet have the benefit of discovery." *Glasker-Davis*, 333 Mich App at 229-330, quoting *Tomasik v State of Michigan*, 327 Mich App 660, 677-678; 935 NW2d 369 (2019). As such, courts must construe the allegations in the light most favorable to the nonmoving party, see *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), which includes making all reasonable inferences or conclusions that can be drawn from the facts alleged in the nonmoving party's favor, *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013).

Although the failure to allege an element of a claim can be fatal for purposes of a motion under MCR 2.116(C)(8), the failure to identify the evidence in support of an element is not. See *El-Khalil*, 504 Mich at 162. A motion under MCR 2.116(C)(8) "should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." *Mich Ins Repair Co v Mfr Nat'l Bank of Detroit*, 194 Mich App 668, 673; 487 NW2d 517 (1992).

## III. ANALYSIS

The trial court did not err in granting summary disposition because plaintiff failed to state a claim, for breach of contract or promissory estoppel, on which relief could be granted.

To establish a claim for breach of contract, a party "must establish by a preponderance of the evidence that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming the breach." *Bank of Am, NA v First American Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016). Because the failure to allege an element

of a claim can be fatal, *El-Khalil*, 504 Mich at 162, the first question is whether plaintiff's complaint alleges all the elements required to establish a contract.

"A valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *AFT Mich v Mich*, 497 Mich 197, 235; 866 NW2d 782 (2015). Addressing the element of consideration, " 'past consideration [cannot] constitute a legal consideration for [a] subsequent agreement.' " *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 58 n 7; 698 NW2d 900 (2005), quoting *Shirey v Camden*, 314 Mich 128, 138; 22 NW2d 98 (1946).

With regard to consideration in cases involving employer promises of severance payments, our Supreme Court has found enforceable contracts where there is evidence of consideration consisting of continued service with the company. *Cain v Allen Electric & Equip Co*, 346 Mich 568, 579-580; 78 NW2d 296 (1956); see also *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 530; 473 NW2d 652 (1991). However, this Court has held, when there is specific evidence of an employer's intent not to be contractually bound by severance policies, such a disclaimer can "prevent[] a contractual offer from ever arising," making such policies unenforceable under contract law. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 219; 933 NW2d 363 (2019). This Court has also distinguished cases where an employer's promise of severance pay "did not require plaintiffs' action or forbearance in reliance on the employer's promise," as materially different from cases where promises of severance required a set length of service before an employee is vested in the entitlement. *Klein v HP Pelzer Automotive Systems, Inc*, 306 Mich App 67, 77-78; 854 NW2d 521 (2014).

The only allegation regarding any form of consideration plaintiff provides in her complaint is that Phifer stated that the severance pay he promised was "for all [her] work over the years and because [she] had not received any raises during that time period." Thus, the reasons for the promise cited in the complaint consist entirely of past performance of duties. Though all reasonable inferences must be drawn in the nonmoving party's favor, *Gorman*, 302 Mich App at 131, plaintiff provided only these past consideration reasons for the promises. To infer that there were additional reasons for the promises that plaintiff failed to mention is not a reasonable inference to make. Even if one infers consideration of continued service similar to a vesting requirement, which has been a prerequisite to make a severance pay promise binding, plaintiff fails to allege the necessary element of mutual agreement. In her complaint, plaintiff fails to specify the period of continued service required of her. In short, plaintiff has not alleged valid legal consideration and even if, as she argues, this element should be inferred, she has not alleged a mutual agreement. Thus, plaintiff has failed to state a legally sufficient claim for breach of contract.

Turning to plaintiff's alternative claim of promissory estoppel, this Court has stated:

> The elements of a promissory estoppel claim consist of (1) a promise (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee and (3) that, in fact, produced reliance or forbearance of that nature (4) in circumstances requiring enforcement

of the promise if injustice is to be avoided.  [*Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 41; 761 NW2d 151 (2008).]

This Court also has held that the promise must be "an actual, clear, and definite promise." *Ypsilanti Twp v Gen Motors Corp,* 201 Mich App 128, 134; 506 NW2d 556 (1993).

Plaintiff's claim for promissory estoppel is insufficient because of a lack of reliance, the third element of that claim.  Plaintiff failed to allege any change of position, either in the form of action or forbearance, she undertook in reliance on the promise of severance pay.  Plaintiff was paid for her work during the office closure period.  Plaintiff argues that defendants, as her employers and supervisors, and in a position of trust, should have reasonably expected the promise of severance would induce plaintiff to continue her employment through the closure period.  However, there is no reason for this Court to infer actual acts or forbearance or reliance when plaintiff had the opportunity to allege such actions, but did not.  For these reasons, the claim of promissory estoppel is insufficient and the granting of summary disposition on this claim was proper.[1]

## IV.  CONCLUSION

The trial court did not err by granting summary disposition in favor of defendants under MCR 2.116(C)(8).  Therefore, we affirm.


/s/ Michelle M. Rick
/s/ Michael J. Kelly
/s/ Michael J. Riordan

---

[1] While plaintiff mentions the trial court's ruling on a possible amendment of her complaint in her statement of facts on appeal, she provided no argument or citation to authority stating that this denial was in error.  Because "[f]ailure to properly brief an issue on appeal constitutes abandonment of the question," *Gross v Gen Motors Corp*, 448 Mich 147, 161 n 8; 528 NW2d 707 (1995), we need not address that issue.