TRAVEL CRAFT, INC., Appellant
(Plaintiff Below),

v.

WILHELM MENDE GmbH & Co.,
Appellee (Defendant Below).

No. 20S03–9004–CV–235.

Supreme Court of Indiana.

April 2, 1990.

Michael A. Cosentino, William J. Cohen, Elkhart, for appellant.

Robert W. Miller, Elkhart, for appellee.

SHEPARD, Chief Justice.

This case leads us to interpret the sales provisions of the Uniform Commercial Code. The trial court granted summary judgment for a manufacturer on counts alleging that it breached implied and express warranties. We reverse in part and affirm in part.

In 1982, Wilhelm Mende GmbH & Co., a West German Corporation, directed a sales

campaign toward Travel Craft, Inc., a manufacturer of motor homes and recreational vehicles. Mende representatives traveled to Travel Craft's plant in Elkhart to persuade Travel Craft to purchase Alu-span, an aluminum-type material. The record indicates that the sales campaign was the first contact between the companies. Travel Craft did not have any prior knowledge of Alu-span.

Travel Craft decided to buy Alu-span for use in constructing its motor homes. After the initial purchase, Travel Craft and Mende negotiated a warranty. Travel Craft drafted the warranty, which stated in pertinent part:

> Seller [Mende] agrees for a period of three (3) years from the date of delivery that product manufactured by it will be free under normal use from substantial defects in materials or workmanship. There are no other warranties, express or implied.

On finished motor homes, Alu-span cracked and separated from its base. As a result, Travel Craft recalled more than 100 motor homes. The cracks and separations apparently resulted from Alu-span's inherent inability to withstand the structural stress associated with its use in motor homes, rather than from any flaw in the material or manufacture.

Travel Craft sued Mende for breach of express and implied warranties. The trial court granted Mende's motions for summary judgment. The Court of Appeals affirmed. *Travel Craft, Inc. v. Wilhelm Mende GmbH & Co.* (1989), Ind.App., 534 N.E.2d 238. Because it appears that this Court has not interpreted the sales provisions of the Uniform Commercial Code since Indiana adopted them in 1963, we grant transfer.

Travel Craft appeals three issues:

I. Whether the trial court erred in ruling that the written warranty adequately excluded the implied warranties of merchantability and fitness for a particular purpose;

II. Whether the trial court erred by ruling parol evidence inadmissible; and,

III. Whether the trial court erred in finding no genuine issue of material fact and granting summary judgment in favor of Mende.

## I. *Exclusion of Implied Warranties*

■ Unless excluded or modified, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Ind.Code § 26–1–2–314 (West Ann.Ind.Code 1980), *amended by*, Ind.Code § 26–1–2–314 (West Supp.1989). Travel Craft argues that the disclaimer of the implied warranty of merchantability it drafted in this case—"There are no other warranties, express or implied"—was ineffective because it did not contain the word merchantability.

The most recent Indiana authority on disclaimer of an implied warranty of merchantability holds that a disclaimer is ineffective unless it expressly and conspicuously mentions the word "merchantability." Ind.Code § 26–1–2–316(2) (West 1980),[1] *construed in Agrarian Grain Co. v. Meeker* (1988), Ind.App., 526 N.E.2d 1189, 1192. Ind.Code § 26–1–2–316(2) requires using the actual word "merchantability" in order to protect the buyer from surprise. The warranty of merchantability is so frequently implied in a sale that to exclude it one must exercise special care. *See, e.g., Dessert Feed Co. v. Drew Farmers Supply, Inc.,* 248 Ark. 858, 454 S.W.2d 307 (1970); *Pearson v. Franklin Laboratories, Inc.,* 254 N.W.2d 133 (S.D.1977); *Mobile Housing, Inc. v. Stone,* 490 S.W.2d 611 (Tex.Civ. App.1973).

The disclaimer in this transaction would normally be inadequate because it does not

---

1. Ind.Code § 26–1–2–316(2) reads: Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

mention the word merchantability. After reading Ind.Code § 26–1–2–316 and the Uniform Commercial Code's commentary, however, we conclude that this case is an exception to the rule. The commentary states that U.C.C. § 2–316(2) seeks to:

> [P]rotect a *buyer* from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty and permitting the exclusion of implied warranties only by conspicuous language or other circumstances which protect the buyer from surprise.

Ind.Code § 26–1–2–316 comment 1 (West 1980) (emphasis added).

■ Applying Ind.Code § 26–1–2–316(2) in favor of Travel Craft, the *buyer* and the *drafter* of the warranty, would subject the seller to the same type of surprise the provision is intended to prevent. Accepting Travel Craft's argument would turn a buyer's shield against surprise into a buyer's sword of surprise. We conclude, consequently, if the buyer drafts the disclaimer it cannot in good faith claim surprise or unexpected and unbargained for language. Our construction follows the drafter's intent that the Code be construed to promote its underlying purposes and policies,[2] and leads us to hold in this case that the implied warranty of merchantability was effectively disclaimed, even though the word "merchantability" was not mentioned.

■ As for the implied warranty of fitness for a particular purpose, Ind.Code 26–1–2–316(2) provides the opportunity to disclaim simply by a conspicuous writing. We conclude that the words of this disclaimer were adequate.

The trial court properly granted Mende's motion for summary judgment aimed at implied warranties.

## II. *Use of Parol Evidence*

■ In ruling on the adequacy of the disclaimer and on Mende's motion for summary judgment on the express warranty, the trial court barred all parol evidence. It treated the written warranty, drafted by Travel Craft and executed by Mende, as a complete and exclusive statement of all of the terms of the agreement. Travel Craft says that this treatment was error; it argues that the trial court should have admitted parol evidence. Mende claims that the "the series of communications and final writing between the parties was only a final expression of their agreement as to *warranties.*" It says parol evidence could not be admitted with respect to that agreement on warranties.

Section 202 of the U.C.C. sales article governs the use of parol evidence. It does not allow the terms of a final agreement to be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement. Ind.Code § 26–1–2–202 (West 1980), *amended by* Ind.Code § 26–1–2–202 (West Supp.1989). The section allows the terms of an agreement to be explained or supplemented by evidence of consistent additional terms "unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement." Ind.Code § 26–1–2–202(b).

We conclude that the written warranty was a final expression of the parties' agreement on warranties, but we believe that the trial court erred in treating the agreement as a final expression on *all* terms and thus barring all parol evidence. We read U.C.C. § 2–202 to provide that when parties create a complete and exclusive agreement on *limited terms*, parol evidence is still admissible if it is explanatory or supplemental. Ind.Code § 26–1–2–202 comment 3 (West 1980). We hold that parol evidence was admissible to explain and supplement the warranty words "normal use" and "defects."

## III. *Summary Judgment on Express Warranty*

Travel Craft argues that the trial court erred in finding that there were no genuine

---

**2.** Ind.Code § 26–1–1–102 states in pertinent part: (1) This Act shall be liberally construed and applied to promote its underlying purposes and policies.... (3) While the effect of provisions of the act may be varied by agreement, obligations of good faith may not be disclaimed. Ind.Code § 26–1–1–102(1), (3) (West 1980).

issues of material fact and granting summary judgment to Mende. The trial court focused on whether Alu-span was defective, and Mende urges us that there is no evidence of defect.

 Before granting summary judgment, the trial court must find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The court must liberally construe all evidence in favor of the non-moving party and resolve any doubt against the moving party. Even if the trial court believes the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Yang v. Stafford* (1987), Ind. App., 515 N.E.2d 1157. We review a trial court's grant of summary judgment on this same basis.

The trial court's summary judgment order states:

A substantial difference exists between a product that is not merchantable or fit for a particular purpose and one that is defective. If it is defective it is highly unlikely it could be merchantable or fit for the particular purpose. However, it could be unmerchantable or unfit for the particular purpose without being defective. With implied warranties it is only necessary that some malfunction exist[s] that makes it unmerchantable or unfit for the particular purpose rather than showing the existence of some specific dereliction by the manufacturer that constitutes a breach. Whereas the express warranty is that the product is free under normal use from substantial defects in material or workmanship, a specific defect must be shown to constitute a breach or warranty.

We disagree with the trial court's interpretation of the express warranty terms "normal use" and "defect."

The facts before the trial court on summary judgment are subject to conflicting inferences. Who would "normally use" this product and for what purpose would they use it? Was Alu-span "defective" within the meaning of the express warran-

ty? The black-letter definition of "defective" suggests that a good may be defective as the result of some sort of imperfection or dereliction, and it may also be "defective" when the product is not fit for the ordinary purposes for which it was sold or used. Black's Law Dictionary 376 (5th ed. 1979).

When the facts are viewed most favorably for non-movant Travel Craft, the express warranty may be interpreted as tantamount to an express warranty of fitness for a particular purpose.

We affirm the trial court's decision on implied warranties. We reverse its grant of summary judgment on the express warranty and remand the case for further proceedings, to be conducted in accord with our holding on the admission of parol evidence.

DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., not participating.