28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ADVANTAGE ENGINEERING, INC., Plaintiff-Appellant,
v.
BURKS PUMPS, INC., Defendant-Appellee.
 No. 93-3883.
 United States Court of Appeals, Seventh Circuit.
 Argued April 11, 1994.
Decided June 30, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied July 28, 1994.
 
 Before CUMMINGS, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In March 1992 plaintiff Advantage Engineering, Inc. ("Advantage") filed a complaint alleging a breach of express warranty, a breach of implied warranty of merchantability, and a breach of implied warranty of fitness for a particular purpose. Defendant Burks Pumps, Inc. ("Burks") filed an answer and counterclaim and in turn Advantage filed an answer to the counterclaim. In March 1993 Advantage moved for partial summary judgment on the issue of liability and Burks cross-moved for summary judgment.
 
 
 2
 In July 1993 the district court denied Advantage's motion for partial summary judgment and granted Burks' motion for summary judgment, resulting in this appeal. Its judgment for Burks was supported by a 23-page order which is attached hereto. For the reasons expressed in that order, the judgment is affirmed.*
 
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 3
 ADVANTAGE ENGINEERING, INC., Plaintiff,
 
 
 4
 v.
 
 
 5
 BURKS PUMPS, INC., Defendant.
 
 CAUSE NO. IP 92 442 C
 
 6
 ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND
 
 DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON
 PLAINTIFF'S CLAIMS
 
 7
 The plaintiff, Advantage Engineering, Inc. ("Advantage"), has moved for partial summary judgment. The defendant, Burks Pumps, Inc. ("Burks"), has filed its opposition to Advantage's motion, and a motion for summary judgment in its favor on Advantage's claims. The parties have submitted their briefs, and the issues are now ready to be resolved. For the reasons discussed below, this Court DENIES Advantage's motion and GRANTS Burks's motion.
 
 I. FACTUAL & PROCEDURAL BACKGROUND
 
 8
 Advantage is in the business of manufacturing, designing and selling equipment for use in the plastics industry. It is located in Greenwood, Indiana. Burks, a Delaware corporation with its principle place of business in Ohio, is in the business of designing, manufacturing, and selling certain types of pumps for various industrial applications. For many years, Advantage purchased from Burks various types of pumps, which Advantage installed as component parts in the equipment it manufactured.
 
 
 9
 On July 28, 1987, John R. Aymer, Chief Engineer/Product Development for Burks, wrote to Phil Oswalt, President of Advantage, regarding a Burks product known as a MJ pump. In that letter, Aymer stated,
 
 
 10
 We have always stated that our water cooling jackets in MJ pumps should have no back pressure. However, over the past several years numerous field applications with the pressure in the jackets have been successful. In addition, at random, we have hydrostatically tested MJ Jackets on our production adapters with out detecting leakage.
 
 
 11
 While we are reluctant to suggest successful operation with pressures equal to our city water pressure, we believe you should experience successful operation with water jacket pressures of no more than twenty-five psig.
 
 
 12
 In the Burks catalog, the MJ pump is described as having "no exchange of liquid between the cooling jacket and the seal cavity or pump casing." However, the catalog also notes that "the upper tapped hole of the cooling jacket is the outlet for the cooling liquid and must be pumped to atmosphere to prevent pressure build-up in the cooling jacket." The Burks catalog also contained a Limited Warranty. The limited warranty provides:
 
 
 13
 Burks Pumps, Inc. warrants the products it manufactures to be free of defects in material and workmanship. The warranty commences on the date of installation of the product and shall remain in effect for a period of twelve months providing it is within twenty-four months from the date of shipment from the factory.
 
 
 14
 Burks Pumps, Inc. will correct defects in material or workmanship which may develop in its products under proper or normal use during the warranty period and under the conditions of the warranty.
 
 
 15
 This warranty does not extend to anyone except the original consumer purchaser. Damage to the product due to improper handling, improper storage, maintenance or improper application is not covered by the warranty.
 
 
 16
 Burks Pumps, Inc., will repair or replace, at its option and expense, its products proved to be defective after examination by the company. The defective part(s) must be returned, transportation prepaid to the factory at Decatur, Illinois.
 
 
 17
 IMPLIED WARRANTIES, WHEN APPLICABLE, SHALL COMMENCE UPON THE SAME DATE AS THE EXPRESS WARRANTY PROVIDED ABOVE, AND SHALL, EXCEPT FOR WARRANTIES OF TITLE, EXTEND ONLY FOR THE DURATION OF THE EXPRESS WARRANTY. SOME STATES DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS, SO THE ABOVE LIMITATION MAY NOT APPLY TO YOU. THE ONLY REMEDY PROVIDED TO YOU UNDER AN APPLICABLE IMPLIED WARRANTY AND THE EXPRESS WARRANTY SHALL BE THE REMEDY PROVIDED UNDER THE EXPRESS WARRANTY, SUBJECT TO THE TERMS AND CONDITIONS CONTAINED THEREIN. BURKS PUMPS, INC. SHALL NOT BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL LOSSES AND DAMAGES UNDER THE EXPRESS WARRANTY, ANY APPLICABLE IMPLIED WARRANTY, OR CLAIMS FOR NEGLIGENCE, EXCEPT TO THE EXTENT THAT THIS LIMITATION IS FOUND TO BE UNENFORCEABLE UNDER APPLICABLE STATE LAW. SOME STATES DO NOT ALLOW FOR EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.
 
 
 18
 On September 18, 1989, Advantage first ordered MJ pumps from Burks and requested that the pumps be delivered on October 2, 1989. On November 24, 1989, Advantage received an order for equipment from The Ohio Brass Company ("Ohio Brass"). Advantage used the Burks MJ pumps for the Ohio Brass order.
 
 
 19
 In June or July 1990, Ohio Brass representatives informed Advantage that the equipment with the MJ pumps was experiencing failures. Advantage informed Burks of the problem. The parties believed that the problem was caused by cooling liquid leaking into the pump cavity. Eventually, Burks replaced the throttle bushings on the pumps with modified throttle bushings equipped with a Viton "O" ring.
 
 
 20
 In January 1992, Advantage notified Burks that the MJ pumps were continuing to experience leakage problems. Burks suggested that Advantage remove all of the Burks pumps from the Ohio Brass equipment. The MJ pumps were replaced with pumps made by another manufacturer. In February 1992, Burks offered to exchange the MJ pumps for full credit.
 
 
 21
 On March 18, 1992, Advantage filed this action in Johnson County Superior Court 1. The Complaint alleged that Burks breached an express warranty that there would be no exchange of liquid between the cooling jacket and the seal cavity or pump casing, breached an implied warranty of merchantability, and breached an implied warranty of fitness for a particular purpose. Advantage seeks recovery of damages, including consequential and incidental damages, in excess of $50,000, prejudgment interest and costs.
 
 
 22
 On April 15, 1992, Burks removed this action to this Court, invoking this Court's diversity jurisdiction. On May 21, 1992, Burks filed its answer. Burks also filed a counterclaim against Advantage, alleging that Advantage has failed to pay Burks $10,519.20 for the pumps. Advantage filed its answer to Burks's counterclaim on June 2, 1992. On May 11, 1993, Burks filed an amended answer to Advantage's Complaint.
 
 
 23
 On March 1, 1993, Advantage moved for partial summary judgment. On March 17, 1993, Burks filed its opposition to Advantage's motion, and its own motion for summary judgment on Advantage's claims. Advantage filed its reply in support of its motion on April 12, 1993, and Burks filed its reply in support of its motion on May 7, 1993. Both parties have requested that the Court strike certain portions of affidavits that the opposing party has filed in connection with the summary judgment motions.[1]
 
 II. SUMMARY JUDGMENT STANDARDS
 
 24
 Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Although a party bringing a motion for summary judgment must demonstrate that there is no genuine issue of fact for trial, if that burden is met, the party opposing the motion must come forward with evidence of a genuine factual dispute. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Mere conclusory assertions, whether made in pleading or affidavits, are not sufficient to defeat a proper motion for summary judgment. First Commodity Traders, Inc. v. Heingold Commodities, Inc., 766 F.2d 1007 (7th Cir.1985).
 
 
 25
 An issue is genuine only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, the disputed fact must be outcome determinative. Hossman v. Spradlin, 812 F.2d 1019 (7th Cir.1987). The Court's inquiry asks whether a reasonable fact finder could find by a preponderance of the evidence that the plaintiff is entitled to judgment. Doe v. Allied-Signal, Inc., 925 F.2d 1007, 1008 (7th Cir.1991).
 
 
 26
 The substantive law identifies which facts are considered material. Anderson, 477 U.S. at 248. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment; irrelevant or unnecessary disputes will not. Id.
 
 
 27
 If a motion for summary judgment is made and properly supported, an adverse party may not rest on the mere allegations or denials in its pleadings. Fed.R.Civ.P. 56. An adverse party must set forth specific facts, supported by affidavits or other evidentiary material allowed under Rule 56, showing that a genuine issue exists. Id. If the adverse party fails to make such a response, summary judgment, if proper, shall be entered. Id. 56(e); Tobey v. Extel/JWP, Inc., 985 F.2d 330, 332 (7th Cir.1993).
 
 
 28
 Since the Supreme Court's trilogy of decisions on summary judgment, see Celotex Corp., 477 U.S. 317; Anderson, 477 U.S. 242; and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986), it is clear that entry of summary judgment is mandatory where the requirements of Rule 56 are met. See Herman v. City of Chicago, 870 F.2d 400, 404 (7th Cir.1989); Spellman v. Commissioner, 845 F.2d 148, 152 (7th Cir.1988); Collins v. Associated Pathologists, Ltd., 844 F.2d 473 (7th Cir.), cert. denied, 488 U.S. 852 (1988).
 
 
 29
 This district has established a procedure for parties to follow in supporting or opposing a motion for summary judgment. Pursuant to S.D.Ind.LR 56.1, the movant shall include in its brief, or in an appendix to its brief, a statement of material facts that it contends there is no genuine issue. The movant must support its statement with appropriate citations to evidentiary materials. Id. The movant is also required to file, as separate documents, proposed findings of fact and conclusions of law, and a proposed summary judgment. Id. Any nonmovant who opposes the motion for summary judgment is required to file within fifteen days from the filing date of the summary judgment motion a brief in support of its opposition and any evidentiary materials controverting the movant's position. Id. In its brief, or in an appendix to its brief, the opposing nonmovant is required to include a statement of genuine issues setting forth all material facts over which it contends a genuine issue exists. Id. The nonmovant's statement must be supported by appropriate citations to evidentiary materials. Id. If the nonmovant fails to controvert the movant's statement of material facts that exist without genuine issue by filing a statement of genuine issues, "the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." Id. The purpose of LR 56.1 is for the parties to give notice of the factual support for their respective arguments. Mirocha v. TRW Inc., 805 F.Supp. 663, 675 (S.D.Ind.1992).
 
 III. DISCUSSION[2]
 A. EXPRESS WARRANTY
 
 30
 Advantage argues that Burks breached an express warranty that the MJ pumps have no exchange of liquid between to the cooling jacket and the sealed cavity or pump casing, and that the MJ pumps would operate without an exchange of liquid without piping the cooling liquid to atmosphere if the water jacket pressure was no greater than twenty-five pounds per square inch. Burks argues that the letter from one of its employees which states that the MJ pumps should operate properly even without the cooling liquid being pumped to atmosphere does not create an express warranty because, as a matter of the law, the language of the letter is merely a statement of opinion and thus not sufficient to create a warranty.
 
 
 31
 Section 26-1-2-313 of the Indiana Code controls the creation of express warranties, and provides:
 
 
 32
 (1) Express warranties by the seller are created as follows:
 
 
 33
 (a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
 
 
 34
 * * *
 
 
 35
 * * *
 
 
 36
 (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.
 
 
 37
 The language in question does not create an express warranty that the MJ pumps would operate successfully with water jacket pressures of up to 25 psig. It is not an affirmation of fact or promise to the buyer that the pumps would in fact operate in the manner described, as required by Ind. Code Sec. 26-1-2-313(1)(a). Rather, the statement is "merely the seller's opinion or commendation of the goods," and as such, cannot create an express warranty. Ind. Code Sec. 26-1-2-313(2). The undisputed facts in this case are similar to facts in Royal Business Machines v. Lorraine Corp., 633 F.2d 34 (7th Cir.1980). In Royal, the court held, among other things, that representations by a seller of copying machines that "experience and testing had shown that the frequency of repair was 'very low' and would remain [low]," was merely a statement of the seller's opinion and did not create an express warranty. Id. at 42. Similarly, in this case, the statement in question also constitutes an opinion and an optimistic prediction based on past experience and testing.
 
 
 38
 There are no genuine issues of material fact and Burks is entitled to judgment as a matter of law on Advantage's express warranty claim, Burks's motion for summary judgment is GRANTED with respect to that claim, and Advantage's motion for partial summary judgment is DENIED with respect to that claim.
 
 
 39
 B. IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
 
 
 40
 Section 26-1-2-315 of the Indiana Code governs the creation of implied warranties of fitness for a particular purpose, and provides:
 
 
 41
 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under [Ind. Code Sec. 26-1-2-316], an implied warranty that the goods shall be fit for such purpose.
 
 
 42
 In its motion for partial summary judgment, Advantage does not seek judgment on its claim for breach of implied warranty of fitness for a particular purpose. Burks, however, argues that it is entitled to judgment as a matter of law on Advantage's claim because there is no evidence that Burks had any reason to know of any particular purpose that Advantage had for the MJ pumps when Advantage ordered the MJ pumps.
 
 
 43
 In response to Burks's motion, Advantage argues that in February 1987, John R. Aymer, Chief Engineer/Product Development for Burks, visited Advantage's facility and indicated that MJ pumps of varying horsepower sizes would be appropriate for inclusion in Advantage equipment. Advantage argues that it was relying on that recommendation when, in August 1989--over two years later--it ordered the MJ pumps for the Ohio Brass equipment order. Burks replies that the particular purpose for which Advantage used the MJ pumps in question did not exist in February 1987 when Aymer visited Advantage, and thus, Aymer and Burks could not have known of the particular use that Advantage would make of the MJ pumps in connection with the Ohio Brass order years later.
 
 
 44
 In order for an implied warranty of fitness for a particular purpose to exist, the seller must know the particular purpose at the time of contracting. Ind Code Sec. 26-1-2-315. The evidence is that Advantage did not inform Burks of its particular purpose at the time that it ordered the MJ pumps. No reasonable fact finder could determine that the recommendation made by Aymer in February 1987 pertained to the particular purpose for which Advantage used the MJ pumps in question. No reasonable fact finder could determine that based on the Aymer recommendation Burks knew of the particular purpose at the time of contracting. As a result, Burks is entitled to judgment as a matter of law on Advantage's claim. Burks's motion for summary judgment is GRANTED with respect to Advantage's claim for implied warranty of fitness for a particular purpose.
 
 C. IMPLIED WARRANTY OF MERCHANTABILITY
 
 45
 Section 26-1-2-314 of the Indiana Code governs implied warranties of merchantability, and provides in part:
 
 
 46
 (1) Unless excluded or modified ... a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to the goods of that kind....
 
 
 47
 (2) Goods to be merchantable must at least be such as:
 
 
 48
 (a) pass without objection in the trade under the contract description; and ...
 
 
 49
 (c) are fit for the ordinary purposes for which such goods are used; and
 
 
 50
 (d) run with the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved....
 
 
 51
 The elements for a breach of implied warranty of merchantability action are: (1) a merchant sold goods, (2) which were not merchantable at the time of sale, (3) injury and damages to the plaintiff or the plaintiff's property (4) which were proximately and in fact caused by the defective nature of the goods, and (5) notice to the seller of injury. James J. White & Robert S. Summers, Uniform Commercial Code 408 (3rd ed. 1988).
 
 1. ADVANTAGE'S MOTION
 
 52
 Advantage argues that it is entitled to judgment as a matter of law on its claim for breach of implied warranty of merchantability because there is no issue that Burks is a merchant of various types of pumps for various industrial applications, and no genuine issue that cooling liquid leaked from the throttle bushing into the pump cavity, and thus, the MJ pumps were not fit for their ordinary purpose--i.e., operation without an exchange of liquid between the cooling jacket and the cavity. However, even if Advantage is correct that there is no genuine issue that Burks is a merchant and that cooling liquid leaked from the throttle bushing into the pump cavity, Advantage has failed to meet its summary judgment burden. At a minimum, advantage has failed to demonstrate a lack of genuine issues with respect to the elements of proximate cause, injury, and notice. Furthermore, contrary to Advantage's argument, Advantage has failed to show that the mere fact that there was a water leak means that the MJ pumps were unfit for their ordinary purpose at the time of sale. The undisputed facts are that Advantage installed the pumps on its equipment so that the cooling liquid could not be pumped to atmosphere to prevent pressure from building up in the cooling jacket, a condition which Burks stated must occur for proper operation of the MJ pump. Therefore, there remains a genuine issue whether the MJ pumps were unfit for their ordinary purpose at the time of sale.
 
 
 53
 Advantage has failed to meet its summary judgment burden. Its motion for summary judgment is DENIED.
 
 2. BURKS'S MOTION
 
 54
 Burks raises a number of arguments in support of its motion for judgment on Advantage's claim for implied warranty of merchantability.[3] Each argument is addressed in turn.
 
 
 55
 a. FAILURE TO PLEAD NOTICE
 
 
 56
 First, Burks argues that it is entitled to judgment because Advantage failed to allege in its Complaint that it gave Burks notice. Burks argues that because notice is a condition precedent to recovery, Advantage must allege that it gave Burks notice of the breach and Advantage's failure to make such an allegation results in waiver. Advantage does not challenge the proposition that notice is a condition precedent to recovery and that some form of an allegation of notice is required for a proper implied warranty of merchantability claim. However, Advantage argues that it alleged notice, and that in any event, Burks failed to specifically raise in its answer Advantage's failure to plead notice.[4]
 
 
 57
 Burks's argument is based solely on the pleadings and thus constitutes an argument for judgment on the pleadings under Fed.R.Civ.P. 12(c), and not summary judgment under Rule 56. See Dyal v. Union Bag-Camp Paper Corp., 263 F.2d 387, 391 (5th Cir.1959); Summer v. Penn Central Transp. Co., 518 F.Supp. 864, 865 (S.D.Ohio 1981); Steelmen v. United States, 318 F.2d 733, 734 (Ct.Cl.1963); see also Miller v. Gain Financial, Inc., --- F.2d ----, ---- (7th Cir.1993); 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure Sec. 2722 (2d ed. 1983). In determining whether judgment on the pleadings is proper, the court accepts as true all facts alleged in the complaint and draws all reasonable inferences from the pleadings in favor of the plaintiff. Gillman v. Burlington Northern R. Co., 878 F.2d 1020, 1022 (7th Cir.1989). A motion for judgment on the pleadings is subject to the same standard as a motion for dismissal for failure to state a claim, and thus, the motion will be granted only if it appears beyond doubt that the plaintiff cannot prove any facts that would support a claim for relief. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989).
 
 
 58
 Section 26-1-2-607(3)(a) of the Indiana Code provides that "the buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller or be barred from any remedy." Notice of breach is a condition precedent to recovery for breach, and notice must be alleged in the complaint. Amcast Indus. Corp. v. Detrex Corp., 779 F.Supp. 1519, 1541 (N.D.Ind.1991); McClure Oil Corp. v. Murray Equip., Inc., 515 N.E.2d 546, 554 (Ind.Ct.App.1987); Courtesy Enters., Inc. v. Richards Lab., 457 N.E.2d 572, 579 (Ind.Ct.App.1983); Wagner Const. Co. v. Noonan, 457 N.E.2d 572, 579 (Ind.Ct.App.1983); Thompson Farms v. Corno Feed Products, 366 N.E.2d 3, 17 (Ind.Ct.App.1977). Rule 9(c) provides: "in pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or occurred." Thus, had Advantage made a general averment in its Complaint that all conditions precedent had been performed or occurred, such an averment would have been sufficient to comply with the requirement to plead notice. However, Advantage has alleged that "[b]ecause of [the] failure of the MJ Pumps, Advantage was required on numerous occasions to ... send the MJ Pumps to Burks for examination and retro-fitting." Rule 8 requires only that there be a short and plain statement of the claim which gives the opposing party fair notice of the claim and the grounds upon which it rests. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, --- U.S. ----, 113 S.Ct. 1160, 1163 (1993). Based on Advantage's allegation, it is not beyond doubt that Advantage cannot prove no facts that would support a claim for relief. Advantage's allegation is sufficient to plead notice because, if proved, the facts alleged could establish that Burks was given notice of the alleged breach. Burks is not entitled to judgment on the pleadings.
 
 
 59
 b. FAILURE TO GIVE NOTICE
 
 
 60
 Second, Burks argues that it is entitled to judgment because the undisputed facts indicate that Advantage failed to give Burks notice of the alleged breach. In short, Burks argues that Advantage did not give Burks notice of the alleged breach by informing Burks that the pumps were not operating properly and in need of repairs. According to Burks, Advantage was required to specifically inform Burks that it considered the problem a breach of warranty. Advantage argues that Burks's actual knowledge of the problem with the MJ pumps satisfies the notice requirement.
 
 
 61
 There is a conflict within the case law whether notice under Sec. 2-607(3)(A) of the Uniform Commercial Code (adopted in Indiana at Ind. Code Sec. 26-1-2-607(3)(a)) requires notice of the factual circumstances sufficient for the seller to determine that the buyer has grounds for a claim of breach (the "lenient standard") or requires specific notice that the buyer in fact believes the problem constitutes a breach of warranty (the "strict standard"). John C. Reitz, Against Notice: A Proposal To Restrict the Notice of Claims Rule in U.C.C. Sec. 2-607(3)(a), 73 Cornell L.Rev. 534, 543-44 n. 31 (1988); Debra L. Goetz, Kathryn L. Moore, Douglas E. Perry, David S. Raab & Jeffrey S. Ross, Special Report, Article Two Warranties in Commercial Transaction: An Update, 72 Cornell L.Rev. 1159, 1320-23 & n. 960 (1987); George F. Hammond, Note, Notification of Breach Under Uniform Commercial Code Section 2-607(3)(a): A Conflict, A Resolution, 70 Cornell L.Rev. 525 (1985). This conflict is the result of the conflicting guidance provided by Comment 4 to Sec. 2-607, which counsels both that "the content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched, and that "[t]he notification which saves the buyer's rights ... need only be such as informs the seller that the transaction is claimed to involve a breach." Hammond, 70 Cornell L.Rev. at 528-29.
 
 
 62
 In determining the law of Indiana, this Court looks to the Supreme Court of Indiana. See Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938); Brooks v. Chicago Downs Ass'n Inc., 791 F.2d 512, 514 (7th Cir.1986). The Supreme Court of Indiana has not addressed whether the notice under Ind. Code Sec. 26-1-2-607(3)(a) must comply with the strict notice standard. The Court of Appeals of Indiana, however, applies the lenient standard. See B & B Paint Corp. v. Shrock Mfg., Inc., 568 N.E.2d 1017 (Ind.Ct.App.1991); Agrarian Grain Co. v. Meeker, 526 N.E.2d 1189 (Ind.Ct.App.1988); and Auto-Teria, Inc. v. Ahern, 352 N.E.2d 774 (Ind.Ct.App.1976). In determining whether the Supreme Court of Indiana would apply the lenient or strict standard, this Court reads the decisions of the Court of Appeals of Indiana as providing a strong indication of how the Supreme Court of Indiana would decide a question, unless there is a persuasive reason to believe otherwise. See Garris v. Swartz, 551 F.2d 156, 158 (7th Cir.1977); Intermatic Inc. v. Taymac Corp., 815 F.Supp. 290, 295 (S.D.Ind.1993). Burks has offered no persuasive reason to not follow the Court of Appeals of Indiana.
 
 
 63
 Because Advantage was not required to give notice of the breach in accordance with the strict standard, Burks is not entitled to judgment as a matter of law on Advantage's implied merchantability warranty due to a lack of notice.
 
 
 64
 c. NO TIMELY NOTICE
 
 
 65
 Third, Burks argues that if Advantage did give it proper notice, the notice was not timely. Burks's argument is based on its argument that knowledge of the facts and circumstances which are the grounds for the buyer's claim of breach cannot constitute proper notice. Burks claims that it did not receive notice under the strict standard until January 1992. Burks argument is rendered moot as a result of this Court applying the lenient notice standard.
 
 
 66
 d. LIMITED WARRANTY
 
 
 67
 Fourth, Burks argues that its Limited Warranty restricted the possible recovery for a breach of the implied warranty of merchantability to a replacement or repair of the defective pumps. Burks argues that it is entitled to summary judgment on Advantage's claim because it has not breached the terms of the Limited Warranty. Advantage argues that the Limited Warranty does not apply to the implied warranty of merchantability.
 
 
 68
 The exclusion or modification of warranties is governed by Ind. Code Sec. 26-1-2-316, which provides, in relevant part:
 
 
 69
 (2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous....
 
 
 70
 (3) Notwithstanding subsection (2) ... [,] unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plaint that there is no implied warranty....
 
 
 71
 Burks argues that its Limited Warranty expressly modified all implied warranties, and thus, there was no need to mention the term "merchantability" in its Limited Warranty. To support its argument, Burks relies primarily on Travel Craft v. Wilhelm Mend GmbH, 552 N.E.2d 443 (Ind.1990) and Ind. Code Sec. 26-1-2-316(3). These authorities do not support Burks's argument. Travel Craft stands for the proposition that a narrow exception exists to the general rule that requires that the term merchantability be used in language which modifies the implied warranty of merchantability. The exception recognized in Travel Craft requires that the exclusion state that "there are no other warranties express or implied" and requires that the buyer have drafted the disclaimer. 552 N.E.2d at 444-45. Because Burks does not argue that Advantage drafted the Limited Warranty, Travel Craft does not apply.
 
 
 72
 Also, Ind. Code Sec. 26-1-2-316(3) provides only that the implied warranty of merchantability is excluded if the disclaimer uses language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty. It does not provide, as Burks's argument suggests, that the implied warranty of merchantability can be modified by language which in common understanding calls the buyer's attention to the warranty modification and makes plain that the implied warranty is modified.
 
 
 73
 Burks is not entitled to judgment on Advantage's claim for breach of implied warranty of merchantability on its Limited Warranty argument.
 
 
 74
 e. FAILURE TO MITIGATE
 
 
 75
 Burks argues that Advantage failed to mitigate the harm which resulted from the alleged breach, and as a result, Advantage is not entitled to recover consequential damages. Burks has failed to cite materials or authorities to establish that there is no genuine issue that Burks failed to mitigate the harm. As a result, Burks has failed to meet its summary judgment burden, and is not entitled to judgment based on its failure to mitigate argument.
 
 
 76
 f. OTHER CAUSES
 
 
 77
 Burks argues that there is no genuine issue that there is more than one possible cause of the problems with the MJ pumps, and that at least one of the possible causes was outside of Burks's control. As a result, Burks argues that it is entitled to judgment as a matter of law due to the lack of the element of causation.
 
 
 78
 Where the evidence shows that there are several possible causes of a loss other than the alleged breach of warranty and that the defendant was not responsible for the other possible causes, and where the evidence shows that it is just as reasonable and probable that the injury was not the result of the alleged breach of warranty so that the fact finder could do no more than guess at whether the breach was the cause of the loss, as a matter of law, there can be no recovery against the defendant. See Royal Business Machines v. Lorraine Corp., 633 F.2d 34, 46 (7th Cir.1980); Republic Corp. v. Procedyne Corp., 401 F.Supp. 1061, 1070 (S.D.N.Y.1975); Chisholm v. J.R. Simplot Co., 495 P.2d 1113, 1117 (Idaho 1972). In support of its assertion that there is no genuine issue that there is more than one possible explanation for the problems with the MJ pumps than the alleged breach of the implied warranty of merchantability, Burks points to the affidavit of John Wichmann, Vice President of Engineering for Burks. According to Wichmann, the water leakage in the MJ pumps was likely to be the result of a number of problems including: damage to the throttle bushing during shipping or installation, excessive back pressure, and improper pump selection of pump horsepower or impeller size which resulted in operating of the pumps outside the generally accepted range which resulted in cavitation in the pump, dramatic pressure fluctuations in the pump casing, and extreme vibration.
 
 
 79
 Advantage does not point the Court to any evidentiary material to create a dispute whether the other causes are just as reasonably probable to have caused the problem with the MJ pump. Rather, Advantage simply argues that there is evidence that the pumps were in fact defective. However, Burks's argument on this point assumes, for the purposes of the summary judgment motion, that the MJ Pumps were defective and that a breach had occurred. Advantage's argument neither creates a genuine issue of material fact nor draws into question the conclusion that Burks is entitled to judgment as a matter of law.
 
 
 80
 Burks is entitled to summary judgment on Advantage's claim for breach of implied warranty of merchantability because on the undisputed facts, no reasonable fact finder could hold that any alleged defect at the time of delivery was in fact the proximate cause of the leakage in the MJ pumps.
 
 IV. SUMMARY
 
 81
 Burks is entitled to judgment on each of Advantage's claims for breach of warranty. Burks's motion for summary judgment is GRANTED, and Advantage's motion for partial summary judgment is DENIED. Only Burks's counterclaim remains.
 
 
 82
 IT IS SO ORDERED this 23 day of July, 1993.
 
 
 83
 /s/LARRY J. McKINNEY, JUDGE
 
 United States District Court
 Southern District of Indiana
 
 
 *
 The judgment left undetermined the counterclaim of Burks against Advantage (A-25), and the counterclaim is not involved in this appeal
 
 
 [1]
 Advantage's motion to strike the Supplemental Affidavit of Bruce B. Ordway, and Burks's motion to strike the Supplemental Affidavit of Harold R. Short and the Affidavit of Terry Fellers are moot. Because the parties have relied on those materials to a very limited extent to support their own motions or oppose the other party's motion, striking those materials would have no effect on this Court's ruling on the motions
 
 
 [2]
 The parties are in agreement that Indiana law controls the substantive issues in this case
 
 
 [3]
 Burks raised these arguments generally with respect to all of Advantage's warranty claims. However, the Court needs to address all of the arguments only with respect to Advantage's claims for breach of the implied warranty of merchantability
 
 
 [4]
 Burks has amended its answer to provide, at p 11: "The Plaintiff waived its right to pursue the Defendant for breach of warranty by failing to notify the Defendant of the breach."