Robert L. **FLOTT**, Plaintiff–Appellant,

v.

Margaret **CATES**, Defendant–Appellee.

No. 61A01–8803–CV–98.

Court of Appeals of Indiana,
First District.

Sept. 28, 1988.
Rehearing Denied Nov. 22, 1988.

Catherine M. Rohrs, Matthews–Rohrs & Associates, South Bend, for plaintiff-appellant.

Jerdie D. Lewis, Lewis and Lewis, Terre Haute, for defendant-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellant, Robert L. Flott (Flott), appeals from a summary judgment entered in the Parke Circuit Court in favor of defendant-appellee, Margaret Cates (Cates).

We reverse and remand.

### STATEMENT OF THE FACTS

Cates is the owner of an apartment building in Terre Haute, Indiana. On May 26, 1985, Flott attended a private party held by Kathy Waugh, a second floor tenant in the building. Shortly after arriving at the party, Flott went out upon the rear landing of the apartment to get some fresh air. The landing was about 30 feet above the ground with steps leading to the ground below. On each side of the landing and the stairway there was a wood railing. While on the landing, Flott leaned against the railing and it gave way causing him to fall to the ground below. As a result he suffered severe and permanent injuries.

Flott subsequently brought suit against Cates to recover for the injuries he sustained in the fall. Flott's complaint set forth several different theories of recovery. Principally, the complaint asserted Cates was negligent in failing to properly inspect and repair the railing and that such negli-

gence proximately caused his injuries. In addition, the complaint asserted Cates was liable under theories of nuisance, breach of warranty, and strict liability in tort. Cates thereafter filed a motion for summary judgment claiming Flott's status on the premises at the time he fell was that of a licensee by permission, and as such she did not owe any duty to him with respect to the railing. Following a hearing on the motion, the trial court granted Cates's motion and entered a general judgment thereon. The sole question before us is the correctness of that ruling.

## DISCUSSION AND DECISION

The rules governing summary judgment are well settled. In reviewing a motion for summary judgment we apply the same standard as that employed by the trial court. Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Howard v. H.J. Ricks Const. Co., Inc.* (1987), Ind.App., 509 N.E.2d 201, *trans. denied.* The party seeking summary judgment has the burden of demonstrating the absence of a genuine issue of material fact. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51. If there is any doubt as to the existence of a material factual issue, the motion should be resolved in favor of the non-movant. *Id.* In ascertaining the existence of any doubt, the contents of all pleadings, papers, and affidavits are liberally construed in favor of the non-movant. *Bell v. Northside Finance Corp.* (1983), Ind., 452 N.E.2d 951. Even where the facts are undisputed, the ability to draw from them conflicting inferences which would alter the outcome makes summary judgment inappropriate. *Carrell v. Ellingwood* (1981), Ind.App., 423 N.E.2d 630. A summary judgment proceeding is not a trial by affidavit, nor may it be used as an abbreviated trial. *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282. The mere improbability of recovery by a plaintiff in a negligence action does not justify entry of summary judgment against him. *Jones v. Berlove* (1986), Ind.App., 490 N.E. 2d 393.

In the case at bar Flott alleged Cates was negligent in failing to repair or warn him of the allegedly defective condition of the railing which caused him to fall. In order to recover on a theory of negligence, a plaintiff must establish that the defendant owed him a duty, that the defendant breached that duty, and that said breach proximately resulted in injury or loss for which damages are sought. *Howard, supra; Stover v. Fechtman* (1966), 140 Ind.App. 62, 222 N.E.2d 281. All the contentions in this appeal involve the question of whether Cates was under some duty as to Flott with respect to the railing. In the absence of a duty, we must consider whether the evidence permits recovery under any of the alternate theories of recovery set forth in Flott's complaint.

In the absence of statute, covenant, fraud or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant and other persons lawfully upon the leased property. *Purcell v. English* (1882), 86 Ind. 34; *Great Atlantic & Pac. Tea Co., Inc. v. Wilson* (1980), Ind.App., 408 N.E.2d 144; *Hunter v. Cook* (1971), 149 Ind.App. 657, 274 N.E.2d 550; *Stover, supra; Walker v. Ellis* (1955), 126 Ind.App. 353, 129 N.E.2d 65. However, Indiana has recognized several exceptions to the doctrine of caveat leasee. In *Slusher v. State* (1982), Ind.App., 437 N.E.2d 97, *trans. denied,* this court recognized that a landlord has a duty to maintain in safe condition the common stairways and other parts of the building used in common by tenants and over which the landlord retains control. *See also Tippecanoe Loan & Trust Co. v. Jester* (1913), 180 Ind. 357, 101 N.E. 915; *Rossow v. Jones* (1980), Ind.App., 404 N.E.2d 12; *Coleman v. DeMoss* (1969), 144 Ind. App. 408, 246 N.E.2d 483. Furthermore, the landlord's duty to maintain common areas in a safe condition extends to business visitors and social guests of a tenant, because a landlord owes the same duties to the business visitors and social guests of a tenant as he owes to the tenant. *Town of*

*Kirklin v. Everman* (1940), 217 Ind. 683, 28 N.E.2d 73, *modified on other grounds* 217 Ind. 683, 29 N.E.2d 206; *Slusher, supra.* The rationale for extending the landlord's duty to third persons lawfully upon the premises was explained in *Slusher:*

> [T]he duty to maintain common areas retained under the landlord's control in a safe condition "extends also to members of the tenant's family, his employees, his invitees, his guests, and others on the land in the right of the tenant, since their presence is a part of the normal use of the premises for which the lessor holds them open." (footnotes omitted) Prosser, *supra* § 63, at 406. The justification for extending the landlord's duty to third persons lawfully upon the leased property was stated persuasively by the American Law Institute:
>
> > "If the terms of the lease entitle the lessee to permit third persons to come upon the part of the land retained within the lessor's control, it is immaterial whether they come as invitees of the lessee or as his licensees. It is the lessor's business, as such, to afford his lessee facilities for receiving all persons whom he chooses to admit for any legitimate purpose. Therefore, a person who, as between himself and the lessee, is a licensee enters the land on a matter directly connected with the business of the lessor. He is, therefore, entitled to expect that the lessor will exercise reasonable care to discover and remedy any condition which makes his acceptance of the lessee's license dangerous to him."
>
> Restatement (Second) of Torts § 360, comment f., at 253 (1965).

*Slusher,* 437 N.E.2d at 99.

Cates disputes this statement of law, maintaining she owed no common law duty to Flott to maintain the railing in a safe condition. She contends that the legal status of one coming upon the premises determines the duty owed by the occupier or owner of land to him. Cates claims that Flott's status on the premises at the time he fell was that of a licensee and as such he took the premises as he found them. In support of this contention she cites *Martin v. Shea* (1984), Ind., 463 N.E.2d 1092.

*Martin,* however, dealt with the liability of a host for injuries to persons while on his property and is inapplicable to the case at bar. As discussed above, the legal status of a third person coming upon a leasor's property at the invitation of a leasee is immaterial. Under landlord-tenant law a landlord owes the same duty to a licensee as he does to his tenant, that is, to use reasonable care to maintain common areas under his control in a safe condition.

■ The critical question to determine is whether the landing from which Flott fell was a common area under Cates's control. In his complaint Flott alleged that the landing was outside the tenant's apartment and was maintained by Cates. As the moving party Cates has the burden of demonstrating the absence of a dispute of material fact on this issue. In neither her motion for summary judgment nor her supporting affidavit, however, did Cates dispute that the landing and railing were under her control. In fact, in her supporting affidavit, Cates acknowledged that she repaired the railing in 1984 and inspected it twice annually prior to Flott's accident. Instead, her motion and the facts and statements upon which she predicated the motion proceeded upon the theory that she owed no duty to Flott because he was a licensee on the property. As discussed above, this theory will not defeat recovery and is inapplicable to our case. Consequently, Cates has not met her burden of establishing the absence of a genuine issue of material fact thereby precluding summary judgment. Accordingly, the trial court erred in granting summary judgment in favor of Cates. Inasmuch as we have determined the trial court erred in this regard, we need not determine whether summary judgment was inappropriate as to the other theories of recovery presented in Flott's complaint.

For the above reasons, this cause is reversed and remanded to the the the trial court.

Judgment reversed and remanded.

RATLIFF, C.J., and SULLIVAN, J., concur.