**Tammy GODDARD, by next friend Wanda GODDARD, Appellant (Plaintiff Below),**

**v.**

**Larry N. WEAVER, d/b/a Milan Terrace Mobile Home Park, Appellee (Defendant Below).**

**No. 39A01–9002–CV–83.**

Court of Appeals of Indiana, Third District.

Aug. 20, 1990.

John P. Schuerman, Schuerman Law Offices, Batesville, for appellant.

Thomas J. Lantz, Montgomery, Elsner & Pardieck, Seymour, for appellee.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Tammy Goddard, by her next friend Wanda Goddard, appeals a summary judgment in favor of defendant-appellee Larry Weaver in an action to re-

cover damages for injuries she sustained as a result of multiple dog bites.

The facts most favorable to the non-moving party show that Weaver owned a trailer park in which Goddard and Harold and Katherine Maybrier resided. On June 13, 1986, Goddard, a five-year-old child, was walking across the Maybriers' yard with a sandwich in her hand when Lady, an Alaskan Malamute owned by the Maybriers, knocked her down. Upon hearing Goddard's screams, Katherine Maybrier ran out of her trailer and pulled Lady off Goddard. As a result of the attack, Goddard sustained numerous lacerations to her face, arms, and hands requiring over 100 sutures. Her complaint against Weaver proceeds upon a negligence theory.

■ The sole issue before this Court is whether the trial court erred in granting Weaver's motion for summary judgment. In reviewing a motion for summary judgment, we apply the same standard as that employed by the trial court. A court may grant summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The court must liberally construe all evidence in favor of the non-moving party and resolve any doubt against the moving party. Even if the court believes the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences.

Ind. Trial Rule 56(C);

*Travel Craft v. Wilhelm Mende GMBH* (1990), Ind., 552 N.E.2d 443, 446.

■ Goddard first claims Weaver, as landlord, had a duty to maintain "common areas" in a safe condition for his tenants. It is well settled that, in the absence of statute, covenant, fraud, or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by third persons upon the leased property. *Flott v. Cates* (1988), Ind.App., 528 N.E.2d 847, 848. However, a landlord does have a duty to maintain in a safe condition common areas over which he retains control. *Id.*

In the instant case, it is clear from the record that Weaver did not have control over the property where the attack occurred. Weaver had entered into an oral agreement with the Maybriers to use as yard what they chose to maintain. The Maybriers mowed and maintained a 50–foot section from the door of their trailer to a creek as well as a 20–foot section on the other side of the creek. They also kept Lady chained to a tree on their property at all times. Because Weaver did not retain control over the property, he cannot be liable to Goddard for the injuries she sustained there.

*Id.;*

see also *Royer v. Pryor* (1981), Ind.App., 427 N.E.2d 1112, 1117.

■ Furthermore, even assuming Weaver had control over the property, it is clear from the record that he did not have actual knowledge of Lady's vicious propensities. There was no evidence that Lady had ever bitten or attempted to bite anyone. Moreover, as Weaver stated in his deposition, he had no knowledge that the Maybriers owned Lady or that they were keeping her permanently on their property. In the absence of actual knowledge of the vicious propensities of a tenant's dog, a landlord owes no duty to third persons injured by the dog. *Id.* at 1117–1118. Consequently, Weaver did not owe a duty to Goddard, and he cannot be liable for her injuries.

■ Goddard next argues that Weaver was a "keeper" of Lady and, as such, had a duty to exercise reasonable care to guard against the animal's natural propensities. She cites a Connecticut superior court case for the proposition that a landlord who permits a dog to be kept in a common area is a keeper of the animal. *Bailey v. DeSanti* (1980), 36 Conn.Sup. 156, 414 A.2d 1187, 1188. However, as previously discussed, the instant attack occurred in an area over which Weaver had relinquished control and possession. Without control of the property and without knowledge of

Lady's presence on the property, Weaver cannot be classified as a keeper of the animal. Again, he owed no duty to Goddard and cannot be liable for her injuries.

Finally, Goddard asserts that Weaver, as landlord, undertook to remove dogs from the trailer park for the safety of his tenants, thus assuming a duty to use reasonable care in carrying out the task. Whether a party has assumed a duty and the extent of such a duty, if any, are questions for the trier of fact except where there is insufficient evidence to create a factual issue on the question of assumption of a duty. *Snyder Elevators, Inc. v. Baker* (1988), Ind.App., 529 N.E.2d 855, 859–860. Contrary to Goddard's assertion, Weaver did not undertake to remove dogs for the safety of his tenants; rather, he distributed notices to residents to keep their dogs tied or inside due to complaints regarding barking and trash removal. Moreover, Weaver distributed the notices prior to the time the Maybriers obtained ownership of Lady. Due to the lack of evidence that Weaver had assumed a duty toward Goddard, he cannot be liable for her injuries.

The trial court is affirmed.

BAKER, J., concurs.

ROBERTSON, J., dissents with opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. The record establishes a good faith dispute over two material facts: Weaver's control over the area where the attack occurred and his constructive knowledge of Lady's disposition.

Weaver states in his deposition that the Maybriers told him they maintained the property on the north side of their trailer to the creek. Weaver's recollection, however, was that the Maybriers did not mow to the creek but "just inside the initial tree line a little bit," a total of about 30 to 40 feet. If the distance from the Maybriers' trailer to the creek was slightly less than 50 feet and Lady was hooked to a tree on a ten-foot chain fairly close to the creek, Lady easily could have been roaming within the 10–20 foot area Weaver indicates was not maintained by the Maybriers and therefore under his control. To determine that Lady was always on the Maybriers' property, the majority must place greater weight on the evidence offered by the Maybriers, as might a trier of fact rather than a court reviewing a motion for summary judgment.

Likewise, I must disagree with the proposition that a landlord owes no duty to third persons injured by a tenant's dog in the absence of actual knowledge of the vicious propensities of the dog. Traditionally, liability for harm caused to an invitee by a condition of the land is imposed when an owner has actual *or* constructive knowledge of the land's dangerous condition. *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821, 825. Moreover, Indiana embraces a constructive knowledge rule when liability is sought to be imposed against the animal's owner or keeper. *Cf. Klenberg v. Russell* (1890), 125 Ind. 531, 534, 25 N.E. 596; *Burgin v. Tolle* (1986), Ind.App., 500 N.E.2d 763, 766; *Alfano v. Stutsman* (1984), Ind.App., 471 N.E.2d 1143, 1145. I know of no rationale for departing from this standard in the present case.

The Maybriers walked Lady every evening past the Weaver's home. The dog growled and snarled at passersby. That Weaver did not know of the dog's existence does not resolve the question of whether he should have known of the dog and its dangerous propensities.

I would reverse the summary judgment.